UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| LEMMY OLUOKUN<br>　　　　Plaintiff,<br><br>v.<br><br>THE TOWN OF WEYMOUTH<br>　　　　Defendant. | ) 04 12526 RCL<br>) C. A. No. _____<br>)<br>) MAGISTRATE JUDGE ___<br>)<br>)<br>) |

**VERIFIED COMPLAINT
(REQUEST FOR JURY TRIAL)**

RECEIPT # 60543
AMOUNT $150
SUMMONS ISSUED YES
LOCAL RULE 4.1
WAIVER FORM
MCF ISSUED
BY DPTY. CLK. TOM
DATE

**Introduction**

This is an action for damages and equitable relief by the Plaintiff, Lemmy Oluokun, against the Defendant, The Town of Weymouth, for harassment and discrimination in employment based on race and national origin in violation of the Plaintiff's 14th Amendment Rights, G.L. c. 151B §4(1) and §4 (4A) and 42 U.S.C. § 1981 and 42 U.S.C. § 1983.

**Parties**

1.　The Plaintiff, Lemmy Oluokun (hereinafter "Oluokun"), is an individual who resides at 137 Dixon Rd. Brockton, Plymouth County, MA 02301.

2.　The Defendants, Town of Weymouth, (hereinafter "Town"), is a duly incorporated municipality in the Commonwealth of Massachusetts, Franklin Fryer, Town Clerk and David Madden, Mayor, in their respective capacities, with its principal place of business and headquarters located at 75 Middle Street, Weymouth, MA 02189.

1

## Jurisdiction

3. Oluokun timely filed a charge of discrimination pursuant to Mass Gen. L. c. 151B with the Massachusetts Commission Against Discrimination ("MCAD"), naming the Town of Weymouth as Respondents.

4. Pursuant to c. 151B, §9, Oluokun removed his Charge from the MCAD in order to file a civil action.

5. This Court has original jurisdiction pursuant to 28 U.S.C. § 1331 over the claims raised under 42 U.S.C. § 1981, and supplemental jurisdiction pursuant to 28 U.S.C. § 1367 over the claims raised under Mass. Gen. L. c. 151B.

## Facts Of The Claim

6. Oluokun is a black male, whose national origin is African.

7. On April 9, 2001, the Plaintiff was hired by the Town of Weymouth as a WAN/LAN Administrator with a starting annual salary of $73,035.56.

8. In addition to holding several Certificates of Achievement in Microsoft Windows, the Plaintiff holds a Bachelor of Science in Electronic Engineering from Wentworth Institute of Technology and is a Microsoft Certified Systems Engineer.

9. On October 12, 2001, during a staff lunch Jackie Ranous called the Plaintiff "boy" several times. The Plaintiff asked Ranous, for example, if she could get this or that and could she check on this for me and she answered that "well we don't do that here boy, this is what we can do boy."

10. The Plaintiff requested permission to attend training classes from his manager Jim Limbey. To which Limbey denied the Plaintiff furthering his training because of cost. However when two other employees who were white, requested the same training,

Limbey quickly approved it. Limbey also provided more training aids to other white employees who had retired but were rehired as consultants.

11.     Limbey indicated to the Plaintiff that the Mayor instructed him to fire the Plaintiff because he was making as much as everyone else. Limbey indicated that the Plaintiff would not receive any further training because he was not what they wanted.

12.     While on a two-week vacation the Plaintiff's salary was cut in half. Limbey continued to harass the Plaintiff in requesting him to contact his former employer to try to get his old job back. No other employee was subjected to such badgering and harassment.

13.     When the Plaintiff refused Limbey called him into his office and instructed him to accept any job he could find such as in music or sports. A direct reference to racial stereotype that people of color are assumed to be talented in music and sports.

14.     On a separate occasion when the Plaintiff requested additional floppy disks Ranous asked the Plaintiff "what happened to the last set, are you taking and stealing them or what, just like they do?" Again a derogatory racial stereotype reference to blacks stealing.

15.     Finally on June 30, 2003, the Town eliminated the position of a person who happens to be black. The Town, as a pretext claimed budget shortages requiring the elimination of the Plaintiff's position, yet the Town had enough money in the budget to pay two white retired employees, as paid consultants on a full time basis, who had already worked up to retirement, and are receiving their municipal pension, while they now continue to work. The Town of Weymouth allows said white employees to "double dip" while eliminating the position of a person who happens to be black.

16. The Town of Weymouth has found money to hire three other full-time employees in the same I.T. department, Shawn Rothman, Thomas Nowell, and Jamie Portolese; Shawn Rothman was made the WAN/LAN Manager; all three are white.

### Count I – Violation of 14th Amendment Rights

17. The Plaintiff, Oluokun, realleges and incorporates by reference herein the allegations set forth in paragraphs one through 16.

18. The pattern of behavior of the Town of Weymouth in its treatment of the Plaintiff was different than that of other employees of similar rank and time in service or lesser rank in service. No other employee has been wrongly disciplined, investigated and chastised as Plaintiff. That his severe and different treatment is a violation of his 14th amendment rights under the United States Constitution guaranteeing Plaintiff equal protection under the law and Plaintiff is entitled to recover damages under 42 U.S.C. 1983. Said damages may be awarded that are punitive in nature.

19. The Town of Weymouth in its treatment of the Plaintiff has committed an act against the best interests of Public Policy and welfare, violated his 1st and 14th Amendment Constitutional rights and is liable for damages under 42 U.S.C. Sec. 1983.

**Wherefore**, the Plaintiff, Lemmy Oluokun, requests this Court enter a judgment ordering The Town of Weymouth to pay to Oluokun the following: back pay, compensatory damages, damages for emotional distress, punitive damages, damages for harm to reputation, attorneys' fees, costs and interests, and such other relief as the Court deems just and proper.

### Count II – Race Color & National Origin Discrimination (G.L. C. 151B)

20.     The Plaintiff, Oluokun, realleges and incorporates by reference herein the allegations set forth in paragraphs 1 through 19.

21.     The Town of Weymouth, through the actions of its agents and employees discriminated against Oluokun on the basis of his race, color and national origin by creating a racially hostile environment, treating him differently from his white coworkers, and wrongfully discharging him, all in violation of G. L. c. 151B § 4(1).

22.     By creating a racially hostile environment, treating him differently from his white coworkers and wrongfully discharging him, the Defendant interfered with Oluokun's rights to be free of discrimination in his workplace in violation of G.L. c. 151B, § 4 (4A).

23.     As a direct and proximate result of the above described unlawful employment practices, Oluokun has sustained and continues to suffer substantial injury, including but not limited to, loss of income, loss of reputation, and emotional distress and mental suffering.

**Wherefore**, the Plaintiff, Lemmy Oluokun, requests this Court enter a judgment ordering The Town of Weymouth to pay to Oluokun the following: back pay, compensatory damages, damages for emotional distress, punitive damages, damages for harm to reputation, attorneys' fees, costs and interests, and such other relief as the Court deems just and proper.

### Count III – Race Color & National Origin Discrimination (42 U.S.C. § 1981))

24.     The Plaintiff, Oluokun, realleges and incorporates by reference herein the allegations set forth in paragraphs 1 through 23.

25. The Town of Weymouth, through the actions of its agents and employees discriminated against Oluokun on the basis of his race, color and national origin by creating a racially hostile environment, treating him differently from his white coworkers, and wrongfully discharging him, all in violation of 42 U.S.C. § 1981.

26. By creating a racially hostile environment, treating him differently from his white coworkers and wrongfully discharging him, the Defendant interfered with Oluokun's rights to be free of discrimination in his workplace in violation of 42 U.S.C. § 1981.

27. As a direct and proximate result of the above described unlawful employment practices, Oluokun has sustained and continues to suffer substantial injury, including but not limited to, loss of income, loss of reputation, and emotional distress and mental suffering.

**Wherefore**, the Plaintiff, Lemmy Oluokun, requests this Court enter a judgment ordering The Town of Weymouth to pay to Oluokun the following: back pay, compensatory damages, damages for emotional distress, punitive damages, damages for harm to reputation, attorneys' fees, costs and interests, and such other relief as the Court deems just and proper.

<u>**THE PLAINTIFF REQUESTS A JURY TRIAL.**</u>

Lemmy Oluokun,
By his attorney

/s/ Joseph R. Gallitano
Joseph R. Gallitano
34 Main Street Ext.
Suite 202
Plymouth, MA  02360
(508) 746-1500
BBO # 183700

Dated: November 22, 2004

6

## VERIFICATION OF COMPLAINT

I, Lemmy Oluokun, being first duly sworn, state that I am the Plaintiff in the above-entitled action, that I have read the foregoing complaint and know the contents thereof, and that the same is true to my own knowledge and belief.

_____
Lemmy Oluokun

November 2, 2004

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1. TITLE OF CASE (NAME OF FIRST PARTY ON EACH SIDE ONLY) **Lemmy Oluokun v. Town of Weymouth**

2. CATEGORY IN WHICH THE CASE BELONGS BASED UPON THE NUMBERED NATURE OF SUIT CODE LISTED ON THE CIVIL COVER SHEET. (SEE LOCAL RULE 40.1(A)(1)).

   ___ I.   160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT.

   _X_ II.  195, 368, 400, 440, 441-444, 540, 550, 555, 625, 710, 720, 730,    *Also complete AO 120 or AO 121
            740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.       for patent, trademark or copyright cases

   ___ III. 110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310,
            315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371,
            380, 385, 450, 891.

   ___ IV.  220, 422, 423, 430, 460, 510, 530, 610, 620, 630, 640, 650, 660,
            690, 810, 861-865, 870, 871, 875, 900.

   ___ V.   150, 152, 153.

   **04 12526 RCL**

3. TITLE AND NUMBER, IF ANY, OF RELATED CASES. (SEE LOCAL RULE 40.1(G)). IF MORE THAN ONE PRIOR RELATED CASE HAS BEEN FILED IN THIS DISTRICT PLEASE INDICATE THE TITLE AND NUMBER OF THE FIRST FILED CASE IN THIS COURT.

   **None.**

4. HAS A PRIOR ACTION BETWEEN THE SAME PARTIES AND BASED ON THE SAME CLAIM EVER BEEN FILED IN THIS COURT?

   YES    (NO)

5. DOES THE COMPLAINT IN THIS CASE QUESTION THE CONSTITUTIONALITY OF AN ACT OF CONGRESS AFFECTING THE PUBLIC INTEREST? (SEE 28 USC §2403)

   YES    (NO)

   IF SO, IS THE U.S.A. OR AN OFFICER, AGENT OR EMPLOYEE OF THE U.S. A PARTY?

   YES    (NO)

6. IS THIS CASE REQUIRED TO BE HEARD AND DETERMINED BY A DISTRICT COURT OF THREE JUDGES PURSUANT TO TITLE 28 USC §2284?

   YES    (NO)

7. DO ALL OF THE PARTIES IN THIS ACTION, EXCLUDING GOVERNMENTAL AGENCIES OF THE UNITED STATES AND THE COMMONWEALTH OF MASSACHUSETTS ("GOVERNMENTAL AGENCIES"), RESIDING IN MASSACHUSETTS RESIDE IN THE SAME DIVISION? - (SEE LOCAL RULE 40.1(D)).

   (YES)    NO

   A. IF YES, IN WHICH DIVISION DO ALL OF THE NON-GOVERNMENTAL PARTIES RESIDE?

      **EASTERN DIVISION**    CENTRAL DIVISION    WESTERN DIVISION

   B. IF NO, IN WHICH DIVISION DO THE MAJORITY OF THE PLAINTIFFS OR THE ONLY PARTIES, EXCLUDING GOVERNMENTAL AGENCIES, RESIDING IN MASSACHUSETTS RESIDE?

      EASTERN DIVISION    CENTRAL DIVISION    WESTERN DIVISION

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME __Joseph R. Gallitano__
ADDRESS __34 Main St. Ext., Suite 202, Plymouth MA 02360__
TELEPHONE NO. __(508) 746-1500__

(Cover sheet local.wpd - 11/27/00)

JS 44
(Rev. 3/99)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
Lemmy Oluokun

## DEFENDANTS
Town of Weymouth

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF **Plymouth**
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
Joseph R. Gallitano
34 Main St. Ext., Suite 202
Plymouth MA  02360
(508) 746-1500

ATTORNEYS (IF KNOWN)

## II. BASIS OF JURISDICTION (PLACE AN "X" IN ONE BOX ONLY)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (PLACE AN "X" IN ONE BOX ONLY)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| | PERSONAL INJURY | PERSONAL INJURY | | | |
| ☐ 110 Insurance | ☐ 310 Airplane | ☐ 362 Personal Injury — Med Malpractice | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury — Product Liability | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | | | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | PROPERTY RIGHTS | ☐ 460 Deportation |
| ☐ 151 Medicare Act | | | ☐ 650 Airline Regs. | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 340 Marine | PERSONAL PROPERTY | ☐ 660 Occupational Safety/Health | ☐ 830 Patent | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 690 Other | ☐ 840 Trademark | ☐ 850 Securities/Commodities/Exchange |
| | | ☐ 371 Truth in Lending | | | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 160 Stockholders' Suits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal Property Damage | LABOR | SOCIAL SECURITY | ☐ 891 Agricultural Acts |
| ☐ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 892 Economic Stabilization Act |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 893 Environmental Matters |
| REAL PROPERTY | CIVIL RIGHTS | PRISONER PETITIONS | | ☐ 863 DIWC/DIWW (405(g)) | ☐ 894 Energy Allocation Act |
| | | | | ☐ 864 SSID Title XVI | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 865 RSI (405(g)) | |
| ☐ 220 Foreclosure | ☒ 442 Employment | HABEAS CORPUS: | ☐ 740 Railway Labor Act | FEDERAL TAX SUITS | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | |
| ☐ 240 Torts to Land | | ☐ 535 Death Penalty | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 540 Mandamus & Other | ☐ 791 Empl. Ret. Inc. Security Act | | ☐ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property | ☐ 440 Other Civil Rights | ☐ 550 Civil Rights | | ☐ 871 IRS — Third Party 26 USC 7609 | |
| | | ☐ 555 Prison Condition | | | |

## V. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.)

42 U.S.C. 1983, violation of 14th Amendment Rights and Race Color & National Origin Discrimination.

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A **CLASS ACTION** UNDER F.R.C.P. 23

DEMAND $ _____

CHECK YES only if demanded in complaint:
JURY DEMAND:  ☒ YES  ☐ NO

## VIII. RELATED CASE(S) IF ANY (See instructions):
JUDGE _____   DOCKET NUMBER _____

DATE  November 20, 2004

SIGNATURE OF ATTORNEY OF RECORD
/s/ J. R. Gallitano

FOR OFFICE USE ONLY

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____