UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

LEMMY OLUOKUN,           )
    Plaintiff,           )
                         )
v.                       )    C.A. NO. 04-12526-RCL
                         )
TOWN OF WEYMOUTH,        )
    Defendant.           )
_____)

## DEFENDANT'S ANSWER WITH JURY CLAIM

First Defense

The **Verified Complaint (Request for Jury Trial)** does not state a claim against Defendant Town of Weymouth ("Weymouth") upon which relief can be granted.

Second Defense

Weymouth responds to the allegations of the **Verified Complaint (Request for Jury Trial)**, paragraph by paragraph, as follows:

### Introduction

Weymouth lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in the Introduction and, therefore, leaves the Plaintiff to his proof.

### Parties

1. Weymouth lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1 and, therefore, leaves the Plaintiff to his proof.

2. Weymouth admits the allegations contained in Paragraph 2.

3-4. Weymouth lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in the Paragraphs 3 and 4 and, therefore, leaves Plaintiff to his proof.

5. Weymouth does not respond to Paragraph 5 because it states conclusions of law to which Weymouth has no obligation to respond. To the extent a response is necessary, Weymouth denies those allegations and calls upon Plaintiff to prove the same.

### Facts of The Claim

6. Weymouth lacks knowledge or information sufficient to form a belief as to the truth of the

allegations contained in Paragraph 6 and, therefore, leaves the Plaintiff to his proof.

7. Weymouth admits the allegations contained in Paragraph 7.

8-9. Weymouth lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraphs 8-9 and, therefore, leaves the Plaintiff to his proof.

10. Weymouth admits that Plaintiff, on at least one occasion, was denied some training due to cost. Weymouth denies the remaining allegations contained in Paragraph 10 and calls upon Plaintiff to prove the same.

11. Weymouth denies the allegations contained in Paragraph 11 and calls upon Plaintiff to prove the same.

12. Weymouth states that no employee was subjected to any badgering or harassment with regard to getting back their former. Weymouth denies the remaining allegations contained in Paragraph 12 and calls upon Plaintiff to prove the same.

13. Weymouth denies the allegations contained in Paragraph 13 and calls upon Plaintiff to prove the same.

14. Weymouth lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 14 and, therefore, leaves the Plaintiff to his proof.

15. Weymouth admits that it has the capability to hire retired employees as part-time consultants to take advantage of their knowledge and experience and to maintain the ability to control the amount of hours they work. Weymouth denies the remaining allegations contained in Paragraph 15 and calls upon Plaintiff to prove the same.

16. Weymouth admits the allegations contained in Paragraph 16.

### Count One
### (Violation of 14th Amendment Rights)

17. Weymouth repeats and makes responses to Paragraphs 1-16 its responses to Paragraph 17 as if set forth herein.

18-19. Weymouth denies the allegations contained in Paragraphs 18-19 and calls upon Plaintiff to prove the same.

**WHEREFORE**, Weymouth asserts that Plaintiff's claims are without merit and that they should be dismissed.

## Count Two
### (Race Color & National Origin Discrimination (G.L. 151B))

20. Weymouth repeats and makes responses to Paragraphs 1-19 their responses to Paragraph 20 as if set forth herein.

21-23. Weymouth denies the allegations contained in Paragraphs 21-23 and calls upon Plaintiff to prove the same.

**WHEREFORE**, Weymouth asserts that Plaintiff's claims are without merit and that they should be dismissed.

## Count Three
### (42 U.S.C. § 1981)

24. Weymouth repeats and makes responses to Paragraphs 1-23 their responses to Paragraph 24 as if set forth herein.

25-27. Weymouth denies the allegations contained in Paragraphs 25-27 and calls upon Plaintiff to prove the same.

**WHEREFORE**, Weymouth asserts that Plaintiff's claims are without merit and that they should be dismissed.

### Third Defense
Weymouth's actions and conduct were performed according to and protected by law and/or legal process, and therefore, Plaintiff cannot prevail.

### Fourth Defense
Weymouth states that Plaintiff can show no Weymouth policy or custom violative of his civil rights; therefore, Plaintiff cannot prevail.

### Fifth Defense
Weymouth states that it cannot be held vicariously liable for any civil rights violations that may have been committed by its employees.

### Sixth Defense
Weymouth states that Plaintiff was not performing her job functions in a suitable manner.

### Seventh Defense
Weymouth did not deprive Plaintiff of any rights secured by the Constitution or laws of the United States and, therefore, he cannot recover.

### Eighth Defense
Plaintiff comes to the Court with unclean hands.

### Ninth Defense
Weymouth states that Plaintiff failed to mitigate his damages by refusing an offer of re-employment at Weymouth.

### **Jury Demand**
Weymouth demands a jury on all counts so triable.

          The Defendant,
          TOWN OF WEYMOUTH,
          By its attorneys,

**PIERCE, DAVIS & PERRITANO, LLP**

_____
John J. Davis, BBO #115890
Daniel G. Skip, BBO #629784
Ten Winthrop Square
Boston, MA 02110
(617) 350-0950

Dated: January 4, 2005

I hereby certify that a true copy of the above document was served upon the attorney of record for each party by FAX in compliance with M.R.C.P. on 1-4-05.