UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

FILED
IN CLERKS OFFICE
2005 FEB -7 P 3: 07
U.S. DISTRICT COURT
DISTRICT OF MASS.

| | |
|---|---|
| LEMMY OLUOKUN )<br>Plaintiff, )<br>)<br>v. )<br>)<br>THE TOWN OF WEYMOUTH )<br>Defendant. ) | C. A. No. 04-CV-12526-RCL |

### JOINT STATEMENT PURSUANT TO LOCAL RULE 16.1(D)

Pursuant to the Notice of Scheduling Conference issued by this Court on January 10, 2005, counsel for the parties conferred on January 24, 2005, for the express purpose of 1) preparing an agenda of matter to be discussed at the February 9, 2005, scheduling conference, 2) preparing a proposed pre-trial schedule for the case that includes a plan for discovery, and 3) considering whether they will consent to trial by Magistrate Judge. Based on the conference, the parties submit the following:

1.  **Concise summary of the positions asserted by the plaintiff, defendant and any other parties with respect to both liability and relief sought.**

**Plaintiff's Position**: It is the Plaintiff, Lemmy Oluokun, position that the Defendant, The Town of Weymouth, harassed and discriminated against him during his employment based on race and national origin in violation of the Plaintiff's 14th Amendment Rights, G.L. c. 151B §4(1) and §4 (4A) and 42 U.S.C. § 1981 and 42 U.S.C. § 1983. The pattern of behavior of the Town of Weymouth in its treatment of the Plaintiff was different than that of other employees of similar rank and time in service or lesser rank in service. No other employee has been wrongly disciplined, investigated and chastised as the Plaintiff. That his severe and different treatment is a violation of his 14th amendment rights under the United States Constitution guaranteeing Plaintiff equal protection under the law and

1

Plaintiff is entitled to recover damages under 42 U.S.C. 1983. Said damages may be awarded that are punitive in nature.

The Town of Weymouth in its treatment of the Plaintiff has committed an act against the best interests of Public Policy and welfare, violated his 1st and 14th Amendment Constitutional rights and is liable for damages under 42 U.S.C. Sec. 1983.

**Defendant's Position**: Weymouth hired Complainant as a Network Manager in April 2001 and provided him with in-depth orientation, including an overview of Weymouth's process for addressing concerns of racial discrimination. As Network Manager, Complainant was responsible for procuring, implementing, managing and troubleshooting network components for Weymouth departments.

By Fall 2001, it became clear to James Limbey (Director of Information Technology) that Complainant oversold his capabilities in the interview process and was not qualified to be the Network Manager. Complainant failed to perform adequately projects that should have been rudimentary for one with his purported skills. Complainant's performance was so problematic, Mr. Limbey had to retain a consultant to remedy Complainant's shortfalls.

Mr. Limbey told Complainant in November 2001 that his performance had shown that he lacked the skills necessary to be a senior network engineer and that he had no future in Weymouth. Mr. Limbey, however, agreed to keep Complainant employed as long as he could to give him time to find alternative employment. Mr. Limbey shared with the Mayor his concerns about Complainant and his offer of continued employment. For months thereafter, only cautiously did Mr. Limbey give Complainant assignments; he supervised Complainant's work closely.

Budget cuts plagued Weymouth in 2002. In November 2002, Mr. Limbey had to trim his budget due to the transitional costs (retraining) stemming from retiring employees. He was faced with a choice: fire Complainant and free over $75,000; or keep Complainant but reduce his salary. Mr. Limbey, drawing on his relationship with Complainant and his own experience with unemployment, chose the latter option. As such, Complainant's salary was nearly halved. Understandably, Complainant was unhappy. When he met with Mr. Limbey, Mr. Limbey told him that he was overpaid from the start due to his misrepresented capabilities, and that it had been over a year since he told Complainant to find other employment. He also told Complainant that, due to budget circumstances, there was a limit (June 2003, start of FY 2004) to the amount of time he could keep him on the payroll. Mr. Limbey suggested he redouble his efforts to find other employment.

A budget crisis prompted Weymouth to partake in the Commonwealth's Early Retirement Incentive (ERI) program. Pursuant to the ERI, three out of the seven employees in Mr. Limbey's department retired in July 2002. To curtail the effect of this exodus, and to ensure a smooth transition while he searched for replacements, Mr. Limbey retained the three recent retirees as independent contractors.

By June 30, 2003, Mr. Limbey (as predicted) could no longer employ Complainant. Mr. Limbey fired Complainant on him on that day. So as not to undermine Complainant's employment prospects, Mr. Limbey masked Complainant as a casualty of the budget crisis, and even wrote him a positive recommendation. Both men, however, knew the real reason for Complainant's departure: paltry work performance.

2. **The parties' proposed agenda for the scheduling conference:**

   a) Discuss proposed pre-trial and discovery schedule;

   b) Election to choose Magistrate Judge, if agreed; and

   c) Defendants' response to Plaintiff's settlement proposal pursuant to Local Rule 16 (C).

3. **The parties' proposed pre-trial schedule, including a plan for discovery.**

   a) Initial discovery requests (interrogatories, requests for production of documents and requests for admissions), to develop information needed for a realistic assessment of the case, to be served and answered no later than June 1, 2005.

   b) After receipt of responses to initial discovery requests, Plaintiff and Defendants are allowed to take the number of depositions allowed pursuant to Local Rule 26.1(C). The parties propose that the depositions be taken by October 1, 2005, (if responses are delayed, the deposition schedule shall also be set back);

   c) Expert witness designations by both parties by November 1, 2005. An additional thirty (30) days, December 1, 2005, is allotted for each party, only for the purpose of designating rebuttal experts. The designation of said rebuttal expert or experts must include the purpose of such rebuttal expert testimony.

   d) Depositions of expert witnesses completed by January 1, 2006; depositions of rebuttal expert witnesses completed by February 1, 2006.

   e) After completion of initial discovery and depositions, additional discovery (interrogatories, requests for production of documents and

4

requests for admissions) and depositions as needed, to be served, answered and completed no later than March 1, 2006;

f) All discovery completed by March 1, 2006. The total amount of discovery propounded as set forth in subsections (a) through (e) above shall not exceed the limits prescribed by Local Rule 26.1(C)[1];

g) Settlement Conference and/or Case Management Conference, as needed, after completion of discovery and before May 1, 2006;

h) Any and all Rule 56 motions for Partial or summary judgment to be filed on or before July 1, 2006; and

i) Final Pre-Trial Conference and trial date to be established by the Court.

4. The parties do not agree to a trial of this matter by a Magistrate Judge.

Respectfully Submitted,
Plaintiff, Lemmy Oluokun
By his attorney

*/s/ J.R. Gallitano*
Attorney Joseph R. Gallitano
BBO # 183700
34 Main Street Ext., Suite 202
Plymouth, MA 02360
(508) 746-1500

Defendant, Town of Weymouth,
By its Attorney

*/s/ Daniel G. Skrip*
Attorney John J. Davis
BBO # 115890
Attorney Daniel G. Skrip
BBO # 629784
Pierce, Davis, & Perritano, LLP
Ten Winthrop Square
Boston, MA 02110
(617) 350-0950

Dated: February 3, 2005

---

[1] Per Local Rule 26.1(C), each side (or group of parties with a common interest) is limited to: 25 Interrogatories; 25 Requests for Admissions; 2 separate sets of Document Requests; and 10 depositions.

5