UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| LEMMY OLUOKUN,<br>    Plaintiff,<br><br>v.<br><br>TOWN OF WEYMOUTH,<br>    Defendant. | )<br>)<br>)<br>)    C.A. NO. 04-12526-RCL<br>)<br>)<br>)<br>) |

## DEFENDANT'S MOTION FOR LEAVE TO COMPLETE PLAINTIFF'S DEPOSITION

Defendant moves for leave to complete Plaintiff's deposition that began on October 12, 2005. Defendant was unable to complete Plaintiff's deposition on that day because Plaintiff failed to provide crucial documents prior to the first installment of his deposition. As reasons for this Motion, Defendant states the following:

1. This action stems from Plaintiff's former employment with Defendant Town of Weymouth and his claim that he was subjected to racial discrimination that led to the termination of his employment. The subject fact pattern spans over two years and, as such, discovery has been cumbersome. The Court recently denied the parties' joint to extend by 30 days (from December 30, 2005, to January 30, 2006) the time within which to complete discovery.

2. Defendant noticed and began to take Plaintiff's deposition on October 12, 2005. But Defendant had to suspend that deposition because it was discovered, in the midst of Plaintiff's testimony, that Plaintiff failed to produce a diary (the "Diary") that spanned his entire employment tenure with Defendant. Even more, it became clear that Plaintiff relied heavily on the Diary to prepare for his deposition. Defendant continued to depose Plaintiff to a point where further interrogation without the benefit of reviewing the Diary would have been wasteful and would have deprived Defendant of a properly thorough examination.

3. The Diary was plainly discoverable because 1) it was unattached to any attorney-client or attorney work-product privilege; 2) Plaintiff created it contemporaneous to his employment; and 3) it contained numerous references to his alleged employment woes. Plaintiff should have identified (if not produced) the Diary in his initial disclosures; he

did not. Plaintiff should have produced the Diary in response to Defendant's document request seeking, "[a]ny diary, journal or like document you kept describing any discrimination or harassment you endured while employed by Weymouth"; he did not.[1]

4. Plaintiff agreed to suspend his deposition and produce the Diary to Defendant. Defendant did not receive the Diary until approximately December 12, 2005; that delayed production was due, in part, to the loss of a member of Plaintiff's counsel's immediate family. As such, Defendant could not have completed Plaintiff's deposition earlier than December 12, 2005. Soon after receiving the Diary, Defendant agreed to complete Plaintiff's deposition on January 5, 2006.

5. It would be patently unfair to deprive Defendant of a thorough deposition of Plaintiff because of Plaintiff's failure to produce the Diary, and then subsequent delay in delivering it to Defendant.

6. In the spirit of fair and cooperative dealing, Defendant will agree, if the Court sees fit, to produce Basam Award for deposition if this Motion is allowed. Plaintiff had Mr. Award's deposition scheduled for January 9, 2006, but the Court's denial of the recent joint motion served to quash that.

7. As attested in **Certification Pursuant to Local Rule 7.1**, filed herewith, Defendant has fulfilled its duty to confer under Local Rule 7.1.

**WHEREFORE**, Defendant requests that the Court allow this Motion and permit Defendant leave to complete Plaintiff's deposition which was suspended through no fault of Defendant.

I hereby c... copy of the above docume... was served upon (each party appearing pro se and) the attorney of record for each (other) party by mail (by ha... on 1)-30-05

The Defendant
TOWN OF WEYMOUTH
By its attorneys,

_____
Daniel G. Skrip, BBO # 629784
Pierce, Davis & Perritano, LLP
Ten Winthrop Square
Boston, MA 02110
(617) 350-0950

Dated: December 30, 2005

---

[1] In no way is Defendant seeking to cast aspersions on Plaintiff's counsel. Plaintiff's counsel has proven to be congenial and cooperative in every facet of this litigation. It seemed he was as surprised as Defendant's counsel to learn of the Diary at Plaintiff's deposition.

-2-