UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| LEMMY OLUOKUN ) | |
| Plaintiff, ) | |
| ) | C. A. No. 04-CV-12526-RCL |
| v. ) | |
| ) | |
| THE TOWN OF WEYMOUTH ) | |
| Defendant. ) | |

### PLAINTIFF'S OPPOSITION TO DEFENDANT'S
### MOTION FOR LEAVE TO COMPLETE PLAINTIFF'S DEPOSITION

The Plaintiff hereby files his opposition to the Defendant's Motion for Leave to Complete Plaintiff's Deposition for the following reasons:

1. The Plaintiff states that once his deposition commenced on October 12, 2005, but was suspended when it was discovered that the Plaintiff had not produced a copy of his Diary, which he made reference to during his deposition. Plaintiff's counsel was unaware of the existence of the Diary until it was referenced during the Plaintiff's deposition. The Plaintiff's deposition was suspended until he produced the Diary.

2. During this time period Plaintiff's counsel sent him numerous e-mails and had numerous telephone conversations with the Plaintiff urging him to find the Diary and produce same.

3. Plaintiff's counsel finally received the Diaries on December 6, 2005 and forwarded them with a cover letter that day to counsel for the Defendant.

4. During this time period Plaintiff's counsel lost his uncle in New Jersey, due to a fatal stroke, and was out of state for a period of time.

5.      In the meantime, Plaintiff's counsel noticed the deposition of Bassam Award for December 19, 2005.  Plaintiff's counsel had suggested to Defendant's counsel that they conduct the continued deposition of the Plaintiff Oluokun on the afternoon of December 19, 2005, since the Defendant's counsel would be in Plymouth for the deposition of Mr. Award.  Defendant's counsel said he did not want to do that.  Plaintiff's counsel believes there was ample time to conduct both depositions on December 19, 2005, had Mr. Award cooperated with the Norfolk Deputy Sheriffs.  In addition, Defendant's counsel had ample time to review the Diaries mailed out to him on December 6, 2005.

6.      However, since Mr. Award was avoiding service of a subpoena by the Norfolk Deputy Sheriffs his deposition had to be rescheduled for January 9, 2006, in order for service to be made.  Defendant's counsel finally agreed to produce Bassam Award without the service of a subpoena on January 9, 2006.  Past witnesses who worked or had worked for the Town of Weymouth refused to appear without being served a subpoena.  All previous deponents were subpoenaed prior to their appearance.

7.      Plaintiff's counsel would agree to the continued deposition of the Plaintiff, based on this Honorable Court allowing the Plaintiff to conduct the deposition of Bassam Award.

WHEREFORE, the Plaintiff's counsel requests this Court either allow the continued deposition of the Plaintiff to go forward, along with the deposition of Bassam

Award in the interest of fairness and equity or hold its order dated December 23, 2005, denying the Third Joint Motion to Extend the Discovery Period.

                                        Lemmy Oluokun, the Plaintiff
                                        By his attorney

                                        */s/ Joseph R. Gallitano*
                                        JOSEPH R. GALLITANO
                                        Attorney for the Plaintiffs
                                        34 Main St., Ext., Suite 202
                                        Plymouth, MA  02360
                                        (508) 746-1500
Dated: January 3, 2006                   BBO 183700

## Certificate of Service

I hereby certify that a copy of the above-document was served upon the attorney of record for each party by electronic filing this 3rd day of January, 2006.

                                        */s/ Joseph R. Gallitano*
                                        JOSEPH R. GALLITANO