UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| LEMMY OLUOKUN | ) |
| Plaintiff, | ) |
| | ) C. A. No. 04-CV-12526-RCL |
| v. | ) |
| | ) |
| THE TOWN OF WEYMOUTH | ) |
| Defendant. | ) |

## PLAINTIFF, LEMMY OLUOKUN'S, PRETRIAL MEMORANDUM

**(a)      Name, address and telephone number of trial counsel**:

Joseph R. Gallitano, Esq., 34 Main Street Ext., Suite 202, Plymouth, MA  02360;

(508) 746-1500.

**(b)      A concise summary of the positions asserted by the plaintiff(s), defendant(s)**

**and any other parties with respect to both liability and relief sought.**

It is the Plaintiff, Lemmy Oluokun, position that the Defendant, The Town of

Weymouth, harassed and discriminated against him during his employment based on race

and national origin in violation of the Plaintiff's 14th Amendment Rights, Mass. G.L. c.

151B §4(1) and §4 (4A) and 42 U.S.C. § 1981 and 42 U.S.C. § 1983.  The pattern of

behavior of the Town of Weymouth in its treatment of the Plaintiff was different than that

of other employees of similar rank and time in service or lesser rank in service.  That his

severe and different treatment is a violation of his 14th amendment rights under the

United States Constitution guaranteeing Plaintiff equal protection under the law and

Plaintiff is entitled to recover damages under 42 U.S.C. 1983.  Said damages may be

awarded that are punitive in nature.

1

 **(c)     Whether any claims or defense have been or will be waived or otherwise not pursued at trial.**

No.

**(d)     A statement of the facts established by the pleadings, stipulations of counsel and admissions.  <u>Counsel shall stipulate all facts not in genuine dispute.</u>**

1.     Oluokun is a black male, whose national origin is African.

2.     On April 9, 2001, the Plaintiff was hired by the Town of Weymouth as a WAN/LAN Administrator with a starting annual salary of $73,035.56.

3.     In addition to holding several Certificates of Achievement in Microsoft Windows, the Plaintiff holds a Bachelor of Science in Electronic Engineering from Wentworth Institute of Technology and is a Microsoft Certified Systems Engineer.

4.     In November, 2002, the Plaintiff's salary was cut in half but he was still required to work a full 40 hour work week, which the Plaintiff did to his date of termination, June 30, 2003.

6.     On June 30, 2003, the Town eliminated the Plaintiff's position and stated it was due to budget shortages. In June of 2003, the Defendant rehired as subcontractors two white retired employees, as paid consultants, on a full time basis, who had already worked up to retirement, and were receiving their municipal pensions, to work in the Information Technology Department of The Town of Weymouth.

7.     During the same time period, when the Plaintiff was asked to quit and ultimately terminated.  Just prior to Plaintiff's termination, the Town of Weymouth hired three other full-time employees in the same I.T. department in which the Plaintiff had been

employed, Shawn Rothman, Thomas Nowell, and Jamie Portolese; Shawn Rothman was

made the WAN/LAN Manager; all three are white.

8.      The pleadings and letter from the Defendant show that the Defendant originally

said it terminated the Plaintiff's employment due to financial cutbacks caused by a

financial crisis state wide and indicated so in the termination letter to the Plaintiff.

9.      After the filing of the within action against the Town by Mr. Oluokun, the

Defendant has attacked his performance on the job and his technical ability, as a reason

for his termination.

10.     There were no written evaluations or warnings ever issued by the Defendant,

Town of Weymouth, to the Plaintiff during his employment with the Defendant,

indicating that his performance or abilities to do his job were ever at issue prior to his

instituting a suit action against the Defendant for its discriminatory treatment of him.

**(e)      Contested issues of fact.**

1.      The Plaintiff requested permission to attend training classes from his manager Jim

Limbey, who denied Plaintiff further training because of cost; however when two other

employees, who were white, requested the same training, Limbey approved it and also

provided more training aids to other white employees.

2.      Limbey continued to harass the Plaintiff in requesting him to contact his former

employer to try to get his old job back. No other employee was subjected to such

badgering and harassment or ever made to work a full work week for half salary.

3.      When the Plaintiff refused to quit, Limbey, his supervisor, called him into his

office and instructed him to accept any job he could find such as in "music or sports".

4.      The pleadings and letter from the Defendant show that the Defendant originally said it terminated the Plaintiff's employment due to financial cutbacks caused by a financial crisis state wide and indicated so in the termination letter to the Plaintiff.

5.      The reasons for terminating the Plaintiff due to his unsatisfactory performance and technical skills were a pretext for terminating him.

6.      The Plaintiff was subjected to racial slurs and racially derogatory remarks and names in the work place by some co-workers.

7.      The Plaintiff made complaints to his Supervisor, James Limbey, about discriminatory behavior and remarks.

8.      The Plaintiff's Supervisor never took any action to stop or prevent discriminatory treatment of the Plaintiff.

9.      The Plaintiff was not afforded the same training benefits as everyone else in his department.

10.     The Defendant allowed discriminatory environment in the work place in violation of M.G.L. Chapter 151B §4(1) and §4 (4A).

11.     The Defendant violated the Plaintiff's 14th Amendment Rights due to unequal treatment of him.

12.     The Defendant violated 42USC § 1981 by treating the Plaintiff differently than other employees because of his race and national origin.

13.     The Defendant violated 42 U.S.C. § 1983 in that its treatment of the Plaintiff as employee was different than other employees similarly situated and the Defendant's actions were intentional, malicious and intended to harm the Plaintiff.

**(f)     Any jurisdictional questions.**

None.

**(g)     Any questions raised by pending motions.**

None.

**(h)     Issues of law, including evidentiary questions, together with supporting authority.  (Any party wishing to present a matter to the court by way of a motion in limine shall file such motion as a separate document at the time of the filing of the pretrial memorandum).**

The only issues of fact concerning violations of M.G.L. Ch. 151B, 14th Amendment of the U.S. Constitution, 42 U.S.C. Section 1981 and 42 USC Section 1983.

**(i)     Any requested amendments to the pleadings.**

None.

**(j)     Any additional matter to aid in the disposition of the action.**

None.

**(k)     The probable length of trial (court's customary trial day is from 9:00 a.m. to 1:00 p.m. with a break of about 25 minutes at 11:00 a.m.).**

5 days.

**(l)     A list of the names and addresses of witnesses who will testify at trial and the purpose of the testimony of each witness, i.e., whether factual, medical, or other expert, etc.  Unless the qualifications of any medical or other expert are admitted, a brief statement of the qualifications of such witness shall be included.**

1.     The Plaintiff, Lemmy Oluokun.

2.      Lisa Biasi, Dorchester, MA

3.      Jonathan T. Snodgrass, I. T. Director for the Town of Brookline with offices located at Brookline Town Hall, 333 Washington Street, Brookline, MA 02445.

4.      Peter Ammon, Commonwealth of Massachusetts, Agency – ITD, Location/Unit-MITC, Chelsea, MA.

5.      John Kratman, Commonwealth of Massachusetts, Agency – ITD, Location/Unit-MITC, Chelsea, MA.

6.      Bassam Awad, Town of Weymouth, Department of Public Works, Municipal Building, 75 Middle Street, Weymouth, MA  02189.

7.      Maaza Mecurr, long-term consultant to Weymouth's IT Department.

8.      James Limby, Town of Weymouth, 75 Middle St., Weymouth, MA  02189.

9.      Dr. Carl Isihira, HVMA 111 Grossman Drive, Braintree, MA 02184.

10.     Dr. Stanley Cole, HVMA 111 Grossman Drive, Braintree, MA 02184.

The Plaintiff serves the right to supplement the list of witnesses with due notice to the

Defendant.

**(m)     A list of the proposed exhibits each party will offer in that party's affirmative**

**case.  Those exhibits to be introduced without objection shall be identified by a**

**single sequence of numbers, regardless of which party is the proponent of a given**

**exhibit.  Those exhibits to which any party objects shall be identified by a single**

**sequence of capital letters followed by some form of identification of the objecting**

**party (e.g., "Plaintiff Jones objects; Defendant Smith objects").**

1.      Termination letter.

2.      Evaluation Reports from Commonwealth of Massachusetts, ITD.

3.      Samples of technical journals.

Plaintiff reserves the right to supplement list of exhibits prior to trial date with due notice

to the Defendant.

**(n)      In jury cases, an appendix containing proposed findings of fact and rulings of**

**law.  Each proposed jury instruction or conclusion of law shall include citations to**

**supporting authority.**

1.      If you find that the treatment of the Plaintiff was unequal to the treatment

of employees similarly situated and that said treatment was based upon the Plaintiff's

race and/or national origin, then you must find the Defendant in violation of 42 U.S.C. §

1981 and having violated the 14th Amendment Constitutional Rights of the Plaintiff.  See

Holland v. BLH Electronics, Inc., 58 Mass. App. Ct. 678, 792 N.E.2d 672 (2003).

2.      If you find that the treatment of the Plaintiff by the Defendant was

different than other employees similarly situated and that said treatment was intentional,

malicious and intended to harm the Plaintiff, then you must find the Defendant in

violation of 42 U.S.C. § 1983.  See Columbus v. Biggio, 76 F. Supp. 2nd 43 (D. Mass)

(Trauro, J.).

3.      If you find that the Plaintiff was treated differently than his white co-

workers, by creating a racially hostile environment and there was unequal treatment of

him compared to the treatment of his co-workers; and further the Defendant interfered

with the Plaintiff's rights to be free of discrimination in his work place, then you must

find the defendant violated M.G.L. Ch. 151B § 4(1) and § 4(4A).

4.      If you find the Defendant violated M.G.L. Ch. 151B § 4(1) and § 4(4A),

you must find that said violations were the proximate cause of loss of income, reputation

and emotional distress and mental suffering.  <u>Dawson v. Pastrik</u>, (1977, ND Ind.) 441 F.

Supp. 133.

     5.     You may find for the Plaintiff under instructions 1, 2 and 3, in that there

was discrimination as the basis of Defendant's termination of Plaintiff's employment and

if you reject the Defendant's nondiscriminatory explanation for the adverse employment

action and believe said explanation to be a pretext.  <u>Reeves v. Sanderson Plumbing Prods,</u>

<u>Inc.</u>, 530 U.S. 133, 120 S. Ct. 2097 (2000).  See <u>Abramian v. President & Fellow of</u>

<u>Harvard College</u>, 432 Mass. 107, 731 N.E.2d 1075 (2000).

     6.     <u>Special damages</u>.  If you find for the Plaintiff under Instructions 1 through

4, you may award compensatory damages, punitive damages, attorney's fees and interest

on compensatory damages until date of judgment.

I reserve the right to supplement instructions to the jury prior to the time of trial with due

notice to the Defendant and the Court.

**(o)    In jury cases, any questions proposed for the <u>voir</u> <u>dire</u> examination of the**

**jury panel and any proposed interrogatories to the jury or special verdict from.**

     Punitive damages.

                  Respectfully submitted,

                  Plaintiff, Lemmy Oluokun

                  By his attorney

                  /s/Joseph R. Gallitano
                  Attorney Joseph R. Gallitano
                  BBO # 183700
                  34 Main St. Ext., Suite 202
                  Plymouth, MA  02360
                  (508) 746-1500

Dated:  November 7, 2006

UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

---

| | |
|---|---|
| LEMMY OLUOKUN | ) |
| Plaintiff, | ) |
| | ) C. A. No. 04-CV-12526-RCL |
| v. | ) |
| | ) |
| THE TOWN OF WEYMOUTH | ) |
| Defendant. | ) |

---

## STIPULATED FACTS

The parties hereby agree to the following stipulated facts:

1.      Oluokun is a black male, whose national origin is African.

2.      On April 9, 2001, the Plaintiff was hired by the Town of Weymouth as a

WAN/LAN Administrator with a starting annual salary of $73,035.56.

3.      In addition to holding several Certificates of Achievement in Microsoft Windows,

the Plaintiff holds a Bachelor of Science in Electronic Engineering from Wentworth

Institute of Technology and is a Microsoft Certified Systems Engineer.

4.      In November, 2002, the Plaintiff's salary was cut in half but he was still required

to work a full 40 hour work week, which the Plaintiff did to his date of termination, June

30, 2003.

5.      On June 30, 2003, the Town eliminated the Plaintiff's position and stated it was due

to budget shortages.  The Defendant rehired as subcontractors two white retired employees,

as paid consultants, on a full time basis, who had already worked up to retirement, and

were receiving their municipal pensions, to work in the Information Technology

Department of The Town of Weymouth.

6.      During the same time period, the Plaintiff was asked to quit and ultimately

terminated.  Just prior to Plaintiff's termination, the Town of Weymouth hired three other

full-time employees in the same I.T. department in which the Plaintiff had been

employed, Shawn Rothman, Thomas Nowell, and Jamie Portolese, all three are white.

Shawn Rothman was promoted to LAN/WAN Manager in July 2004.

7.      After the filing of the within action against the Town by Mr. Oluokun, the

Defendant has attacked his performance on the job and his technical ability, as a reason

for his termination.

8.      There were no written evaluations or warnings ever issued by the Defendant,

Town of Weymouth, to the Plaintiff during his employment with the Defendant,

indicating that his performance or abilities to do his job were ever at issue.

                         Respectfully submitted,

Plaintiff, Lemmy Oluokun                    Defendant, Town of Weymouth,
By his attorney                             By its Attorney

/s/Joseph R. Gallitano                      /s/Daniel G. Skrip
Attorney Joseph R. Gallitano                Attorney Daniel G. Skrip
BBO # 183700                                Pierce, Davis & Perritano, LLP
34 Main St. Ext., Suite 202                 BBO # 629784
Plymouth, MA  02360                         Ten Winthrop Square
(508) 746-1500                              Boston, MA  02110
                                            (617) 350-0950

Dated:  November 7, 2006