UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| LEMMY OLUOKUN, ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | C.A. NO. 04-12526-RCL |
| ) | |
| TOWN OF WEYMOUTH, ) | |
| Defendant. ) | |
| ) | |

## DEFENDANT'S PRETRIAL MEMORANDUM

Pursuant to the **Order for Final Pre-Trial Conference** dated , Defendant files this pre-

trial memorandum.

(a)  Trial Counsel

Attorney Daniel G. Skrip
Ten Winthrop Square
Boston, MA 02110
(617) 350-0950

(b)  Concise Summary of Positions Asserted by Defendant

In applying and interviewing for employment with the Town of Weymouth as a Network
Manager, Plaintiff oversold his abilities by claiming that he could perform functions that he could
not. James Limbey, director of Weymouth's IT department, quickly realized that Plaintiff was
unqualified and told Plaintiff that his work performance was unacceptable and that he should begin
searching for another position. Mr. Limbey suggested Plaintiff look to, among other entities, his
former employer. Mr. Limbey maintained Plaintiff's employment because Mr. Limbey did not want
Plaintiff to go unemployed. Notwithstanding, Mr. Limbey repeatedly encouraged Plaintiff to secure
employment elsewhere. Others were noticing Plaintiff's shortcomings too. Mr. Limbey had
received many communications critical of Plaintiff's work performance. Such communications came
from Jacob Leifman and Connie Thornton. Also, Ms. Thornton received complaints from various
people in different departments critical of Plaintiff's work performance. Those departments
included: Fire, Police, Accounting, Building Inspection, Health and Planning and Schools. As a
result of these complaints, Mr. Limbey had to assign Plaintiff less demanding projects that were on
the same level as his work abilities biding time until Plaintiff could find new employment.

(c)  Waived Defenses

Defendant has waived no defense.

(d)    Statement of Undisputed Facts

Kindly see **Stipulated Facts** filed today.

(e)    Contested Issues of Fact

Defendant notes the following contested issues of fact:

1.    Whether Plaintiff was qualified to be a Network Manager in the Town of Weymouth.

2.    Whether any Weymouth employees directed any racial slurs to Plaintiff.

3.    Whether Mr. Limbey made any racially insensitive remarks to Plaintiff..

4.    Whether Plaintiff's race played any role in Mr. Limbey's decision to terminate Plaintiff's employment.

(f)    Jurisdictional Questions

There are no jurisdictional questions.

(g)    Pending Motions

There are no pending motions though the parties are trying to get to mediation.

(h)    Issues of Law

There are no issues of law to be addressed at this time.

(I)    Pleading Amendments

There are no amendments to the pleadings.

(j)    Aids to Disposition

Defendant was ready and will to attend mediation, but Plaintiff back out at the last minute.

(k)    Length of Trial

Trial likely will last four days.

(l)    Witnesses

The following are Defendant's fact, non-rebuttal witnesses:

| | | |
|---|---|---|
| James Limbey | Jacob Leifman | Boston Global Institute (Keeper of Records) |
| Denise Coleman | Michael Kelliher | City of Brookline (Keeper of Records) |
| Connie Thornton | Ken Harrison | Stephen Smith |
| Jackie Ranous | Kevin Bulman | David Cawthorne |
| Basam Awad | Doreen C. Teodorson | Shawn Rothman |
| Mayor Madden | David Leary | Maaza Mekuria |
| Mabel Ericson | | |

(m)    Defendant's Proposed Exhibits for Defendant's Case-in-Chief

Defendant is unsure if Plaintiff will object to the following documents.

1.    Plaintiff's resume (with detailed experience)
2.    the job description describing Plaintiff's former position.
3.    Weymouth's EEO/AA policy.
4.    Memo dated February 16, 2001 from Michael Kelliher to all the department heads regarding EEO/AA.
5.    Memo dated February 7, 2002 from Michael Kelliher to all the department heads regarding EEO/AA.
6.    Memo dated September 22, 2003 from Michael Kelliher to all the department heads regarding EEO/AA
7.    Letter from Michael Bliss (Pinnacle Training) to Jim Limbey dated November 14, 2003.
8.    Plaintiff's employment application.
9.    Job posting
10.    Letter from Mr. Limbey to Plaintiff dated April 24, 2005.
11.    Electronic correspondence from David Cawthorne to Mr. Limbey dated July 24, 2002.
12.    Electronic correspondence from Mr. Limbey to Plaintiff dated February 11, 2002.
13.    Electronic correspondence between Stephen Smith and Jacob Reifman dated November 7, 2002.
14.    Electronic correspondence from Mr. Limbey to Plaintiff dated April 3, 2002.
15.    Electronic correspondence from Mr. Limbey to Mr. Cawthorne dated April 28, 2002.
16.    Electronic correspondence from Mr. Limbey to Michael Bliss dated April 11, 2001.
17.    Plaintiff's dairy (2001-2003)

(n)    Jury Instructions

Please see the appendix.

(o)    Jury Questions

Defendant seeks no special jury question.

The Defendant,
TOWN OF WEYMOUTH,
By its attorneys,

**PIERCE, DAVIS & PERRITANO, LLP**

John J. Davis, BBO #115890
Daniel G. Skip, BBO #629784
Ten Winthrop Square
Boston, MA 02110
(617) 350-0950

Dated: November 7, 2006

I hereby certify that a true copy of the
above document was served upon (each
party appearing pro se and) the attorney
of record for each (other) party by mail
(by hand) on  11/7/06 .

-4-

# **<u>Appendix - Jury Instructions</u>**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

LEMMY OLUOKUN,                    )
                      Plaintiff,  )
                                  )
v.                                )          C.A. NO. 04-12526-RCL
                                  )
TOWN OF WEYMOUTH,                 )
                      Defendant.  )
                                  )

## DEFENDANT'S SUGGESTED JURY INSTRUCTIONS

NO. 1

### Burden of Proof - Discrimination

In order to prove racial discrimination, Plaintiff must first make out a prima facie case of discrimination by showing that (1) he is a member of a protected group; (2) he was subject to an adverse employment action; (3) he was qualified for the position; and (4) similarly-situated non-protected employees were treated more favorably. *Kline v. Tenn. Valley Auth.*, 128 F.3d 337, 348 (6th Cir.1997).

Once Plaintiff establishes a prima facie case, the burden shifts to the Defendant to articulate a legitimate, nondiscriminatory reason for its actions. *Texas Dep't of Cmty Affairs v. Burdine*, 240 U.S. 248, 254-56 (1981). If the defendant offers a legitimate, nondiscriminatory reason for its actions, the burden shifts back to Plaintiff to show that the proffered reason is a pretext for discrimination. *McDonnell Douglas*, 411 U.S. at 804-05. The ultimate burden of persuasion always remains with the Plaintiff. *St. Mary's Honor Ctr. v. Hicks*, 509 U.S. 502, 511 (1993).

NO. 2

**Burden of Proof - Discrimination**

Plaintiff must show that the racially discriminatory intent was a "motivating factor in the decision" to take adverse action. *Marshall v. Columbia Lea Reg'l Hosp.*, 345 F.3d 1157, 1168 (10th Cir.2003).

NO.3

**Burden of Proof - Hostile Environment**

A hostile environment claim requires Plaintiff to show that his work environment was so pervaded by racial harassment as to alter the terms and conditions of his employment. *See*, e.g., *Snell v. Suffolk Cty.*, 782 F.2d 1094, 1103 (C.A.2 1986) ("To establish a hostile atmosphere, ⋯ plaintiffs must prove more than a few isolated incidents of racial enmity").

NO. 4

**Burden of Proof - Hostile Environment**

To establish a hostile atmosphere, plaintiffs must prove more than a few isolated incidents of racial enmity.  A hostile environment claim requires Plaintiff to show that his work environment was so pervaded by racial harassment as to alter the terms and conditions of his employment. *See*, e.g., *Snell v. Suffolk Cty.*, 782 F.2d 1094, 1103 (C.A.2 1986).

NO. 5

**Proximate Cause**

"The plaintiff ... has the burden of establishing, by a preponderance of the evidence, the existence of a causal connection between the defendants' actions (or inactions) and the injury sustained by the plaintiff." *Jorgensen v. Massachusetts Port Authority*, 905 F.2d 515, 524 (1st Cir. 1990) and cases cited.

NO. 6

**Proximate Cause**

"This [causal] connection cannot be left to the jury's conjecture or speculation." *Jorgensen v. Massachusetts Port Authority*, 905 F.2d 515, 519 (1st Cir. 1990).

NO. 7

## Proximate Cause

"[I]t is not enough to show the mere possibility of a causal connection; the probability of such a connection must be shown." *Jorgensen v. Massachusetts Port Authority*, 905 F.2d at 524.

NO. 8

**General/Credibility**

If you find a witness has testified falsely as to a portion of his or her testimony, you may take this into account in determining the credibility of the remainder of his or her testimony and you may reject all the testimony.

NO. 9

## Damages

Damages cannot be speculative, and the plaintiff bears the burden of proof on the issue of damages. *Raysor v. Port Auth. of N.Y. & N.J.*, 768 F.2d 34, 39 (2nd Cir. 1985).

NO. 10

**Damages**

If you find that the plaintiff's rights were violated, you can award compensatory damages only if you find actual injury caused by the constitutional deprivations. *Carey v. Piphus*, 435 U.S. 247, 264 (1978) (emphasis added).

NO. 11

**Damages**

Damages based on the abstract "value" or "importance" of constitutional rights are not a permissible element of compensatory damages in §1983 cases. *Memphis Community School District v. Stachura*, 91 L.Ed.2d 249, 106 S.Ct. 2537 (1986).

NO. 12

**Impartiality**

In reaching your verdict, you must not be swayed by bias, prejudice or sympathy.  You may sympathize with the Plaintiff, but you must not permit your sympathy to prevent you from acting fairly and impartially.  It is your sworn duty as jurors to act that way.  Your duty is to consider impartially all the evidence, to apply the law to the facts as you find them to be, and to reach a just verdict regardless of the consequences.  E. Debitt & C. Blackman, Federal Jury Practice and Instructions, § 71.05.

NO. 13

**Parties**

You must consider and determine this case as litigation between persons of equal standing in the community.  You should not be influenced in any way by the fact that the Defendant, Town of Billerica, is a municipality nor should you be in any way be influenced by any thoughts or ideas you may have as to the financial standing of any party to this litigation.

NO. 14

**Evidence**

Statements, objections or arguments made by the lawyers are not evidence in the case. The function of the lawyers is to point out those things that are most significant or most helpful to their side of the case, and in so doing, to call your attention to certain facts or inferences that might otherwise escape your notice.

NO. 15

**Evidence**

You do not have to accept all of the evidence as true or accurate.  You are the sole judges of the credibility or "believability" of each witness and the weight to be given to his or her testimony.

NO. 16

**Evidence - Impeachment**

A witness may be discredited or impeached by contradictory evidence; or by evidence that at some other time the witness has said or done something, or has failed to say or do something, which is inconsistent with the witness' present testimony.  If  you believe any witness has been impeached or discredited in this way, it is  your exclusive responsibility to give the witness' testimony whatever weight, if any, you may think it deserves.  If a witness is shown to have knowingly testified falsely concerning any material matter, you have a right to distrust that witness' testimony in other particulars.  Devitt and Blackmar, *Federal Jury Practice and Instructions*, (4th ed.1987) (modified).

NO. 17

**Damages - Duty to Mitigate**

A person who has been damaged by the wrongful act of another is bound to exercise reasonable care and diligence to avoid loss and to minimize damages. The plaintiff may not recover for losses that could have been prevented by reasonable efforts on his part.

NO. 18

**Damages**

Merely because you are given instructions regarding Plaintiff's damages is not to be construed that as an opinion as to whether the Plaintiff should or should not prevail in this case.

NO. 19

## Proof of Injury/Damages

You cannot be governed by sympathy or prejudice or any motive whatsoever, except a fair and impartial consideration of the evidence, and you must not allow any sympathy you may have for any party to influence you in any degree whatever, in deciding whether the plaintiff sustained his burden of proof, or in assessing any damages.

The Defendant,
TOWN OF WEYMOUTH,
By its attorneys,

**PIERCE, DAVIS & PERRITANO, LLP**

John J. Davis, BBO #115890
Daniel G. Skip, BBO #629784
Ten Winthrop Square
Boston, MA 02110
(617) 350-0950

Dated: November 7, 2006

I hereby certify that a true copy of the above document was served upon (each party appearing pro se and) the attorney of record for each other party by mail (by hand) on  11/7/06