UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| LEMMY OLUOKUN ) | |
| Plaintiff, ) | |
| ) | C. A. No. 04-CV-12526-RCL |
| v. ) | |
| ) | |
| THE TOWN OF WEYMOUTH ) | |
| Defendant. ) | |

# APPENDIX A

### INSTRUCTIONS TO THE JURY

    1.    If you find that the treatment of the Plaintiff was equal to the treatment of employees similarly situated and that said treatment was based upon the Plaintiff's race and national origin, than you must find the Defendant in violation of 42 U.S.C. § 1981 and having violated the 14th Amendment Constitutional Rights of the Plaintiff.  See Holland v. BLH Electronics, Inc., 58 Mass. App. Ct. 678, 792 N.E.2d 672 (2003).

2.	If you find that the treatment of the Plaintiff by the Defendant was different than other employees similarly situated and that said treatment was intentional, malicious and intended to harm the Plaintiff, then you must find the Defendant in violation of 42 U.S.C. § 1983.  See <u>Columbus v. Biggio</u>, 76 F. Supp. 2nd 43 (D. Mass) (Trauro, J.).

      3.      If you find that the Plaintiff was treated differently than his white co-workers, by creating a racially hostile environment unequal treatment of him compared to the treatment of his co-workers, and interfered with the Plaintiff's rights to be free of discrimination in his work place, then you must find the defendant violated M.G.L. Ch. 151B § 4(1) and § 4(4A).

4.	If you find the Defendant violated M.G.L. Ch. 151B § 4(1) and § 4(4A), you must find that said violations were the proximate cause of loss of income, reputation and emotional distress and mental suffering.  <u>Dawson v. Pastrik</u>, (1977, ND Ind.) 441 F. Supp. 133.

      5.      You may find for the Plaintiff under instructions 1, 2 and 3, in that there was discrimination as the basis of Defendant's termination of Plaintiff's employment if you reject the Defendant's nondiscriminatory explanation for the adverse employment action and believe said explanation to be a pretext.  <u>Reeves v. Sanderson Plumbing Prods, Inc.</u>, 530 U.S. 133, 120 S. Ct. 2097 (2000).  See <u>Abramian v. President & Fellow of Harvard College</u>, 432 Mass. 107, 731 N.E.2d 1075 (2000).