UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| LEMMY OLUOKUN )<br>      Plaintiff, )<br>                       )<br>      v.           )<br>                       )<br>THE TOWN OF WEYMOUTH )<br>      Defendant. ) | C. A. No. 04-CV-12526-RCL |

**MOTION TO WITHDRAW AS COUNSEL**
**TO THE PLAINTIFF, LEMMY OLUOKUN**

      Now comes Joseph R. Gallitano, counsel to the Plaintiff, Lemmy Oluokun, and moves this Honorable Court to withdraw as counsel to the Plaintiff. As grounds therefore, Counsel states that there has been an irretrievable breakdown of the Attorney/Client relationship in this case and believes it best for all parties involved that permission be granted for Counsel to withdraw. In support of said Motion, see Affidavit of Counsel, filed herewith and made a part hereof.

      Wherefore, Counsel for the Plaintiff requests that this Honorable Court grant his Motion to Withdraw as Counsel to the Plaintiff, Lemmy Oluokun.

                            Respectfully submitted,

                            */s/ Joseph R. Gallitano*
                            Joseph R. Gallitano, BBO 183700
                            Attorney for the Plaintiff
                            34 Main St., Ext., Suite 202
                            Plymouth, MA  02360
                            (508) 746-1500

Dated:  January 9, 2007

**CERTIFICATE OF SERVICE**

       I, Joseph R. Gallitano, hereby certify that I have served a copy of the within Motion upon all counsel of record by regular mail, postage prepaid and upon the Plaintiff, Lemmy Oluokun by regular mail and certified mail return receipt this 9th day of January, 2007.

                                     /s/ *Joseph R. Gallitano*
                                     Joseph R. Gallitano

UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

LEMMY OLUOKUN            )
            Plaintiff,            )
                                ) C. A. No. 04-CV-12526-RCL
            v.            )
                                )
THE TOWN OF WEYMOUTH            )
           Defendant.            )

## AFFIDAVIT OF ATTORNEY JOSEPH R. GALLITANO

      I, Joseph R. Gallitano, hereby state as follows:

1.      I am a member of the United States District Court Bar and Massachusetts State Bar in good standing.

2.      On March 15, 2003, I was retained by the Plaintiff, Lemmy Oluokun, to represent him on his case against the Town of Weymouth.

3.      On or about November 29, 2004, a Verified Complaint was filed in this Court on behalf of the Plaintiff.

4.      Throughout my representation of Mr. Oluokun, it has been difficult to represent him since he either ignores my advice and counsel or only reluctantly agrees to proceed as recommended by me.

5.      It has constantly been difficult to communicate with him.  Often only after weeks of trying to reach him will he finally respond.

6.      He has repeatedly been extremely late for appointments, cancelled appointments unexpectedly, hours before he was scheduled to arrive, or on occasion failed to appear as scheduled without notice.

7.      He has given me the impression that other people are advising him.  In any event, he expresses little confidence in my counsel.

8.      I have repeatedly explained the legal standards that must be met to prove his case and the evidence required.  Although originally promising to produce witnesses in his behalf, he has not.

9.      Despite his lack of cooperation, I have been able to move his case forward and finally, with Mr. Oluokon's reluctance, participated in the Court's ADR Mediation, negotiated a potential, substantial settlement for him, which he rejected, despite the fact that by negotiating language in the settlement to make it tax free to him and my voluntary reduction of my fee by 50%, he would receive a net amount 50% greater than any award from a jury for all of his lost salary, back and front wages, he alleged in his Complaint.

10.     After the mediation, despite my urging him to set appointments with me to plan a trial preparation schedule, he failed to contact me for more than 10 days.  After finally making an appointment, he e-mailed me on the day of the appointment only to cancel the appointment, hours before it was to take place.

11.     Finally on January 6, 2007, we met at which time I attempted to explain the settlement offer, which the Defendant left open until January 9th, per my request, to be certain he understood its terms.  His friend Lisa Biasie was present and agreed with my recommendation to take the settlement offer.

12.     Accepting his final rejection of the offer, I attempted to explain the flaws in his case and showed him affidavits provided by Defendant's counsel, which refuted his deposition testimony on a number of key issues.

13. Mr. Oluokun's became angry and said I was putting him under duress to which I replied I was trying to explain the problems we would have to deal with at trial. I pointed out he had failed to produce the witnesses he said he had to substantiate his claims.

14. I explained the most damaging evidence I had against the Defendant was what I was able to get by deposing the Defendant's supervisor of his department.

15. I tried to set up a schedule for him to prepare for trial. He would not agree to come to my office at 1:00 p.m. over 5 days to prepare. He said he would come at 5:00 p.m. on weeknights and on Saturdays. I advised him that my schedule could not accommodate him since I already work most nights and weekends just to do the research and drafting for the caseload I presently have.

16. During the meeting he had asked if I was going to withdraw and indicated he thought he should have another lawyer. I said if I did withdraw, I would file an Attorney's lien for fees, based upon my hourly services, against any settlement or award he would receive in his case in the Federal Court.

17. Mr. Oluokun said he didn't like my negative assessment of his case. I said I had to honestly advise him what my assessment was of his case prior to trial. I stated that if I went forward we would need more time to prepare because he wasted over two weeks before coming to see me to review the case status and set a schedule. I had planned to bring in some other professionals to assist him in speech and presentation and additional counsel to cross-examine him. Until I could be assured, in person, I had a schedule I could not set up a preparation schedule for other professionals to assist me. I would not do it by telephone or e-mail because of Mr. Oluokun's frequent practice of ignoring and canceling scheduled appointments.

18.  It would be best if I were allowed to withdraw and the trial date continued to allow Mr. Oluokun time to retain other counsel.

19.  Judge Lindsay at the pre-trial conference even suggested I withdraw and I was reluctant because I believed the mediation, to which he agreed to make a referral, would be productive.  Despite a good faith effort by both counsel and the mediator, my client refused to understand or at least acknowledge the reasonableness of the terms, or even the advice of the Mediator, who did an excellent job.

20.  If the Court denies my Motion to Withdraw, then I hope my Motion to Continue the Trial will still be allowed in order to permit some time for my client and me to repair our attorney/client relationship and also to better prepare him for trial.

Subscribed and sworn to under the pains and penalties of perjury this 9th day of January, 2007.

*/s/Joseph R. Gallitano*
Joseph R. Gallitano