UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| LEMMY OLUOKUN,<br>        Plaintiff,<br><br>v.<br><br>TOWN OF WEYMOUTH,<br>        Defendant. | C.A. NO. 04-12526-RCL |

### DEFENDANT'S PRETRIAL OBJECTIONS PURSUANT TO RULE 26(a)(3)

The above-captioned matter is scheduled for trial on October 15, 2007. Pursuant to Rule 26(a)(3) of the Federal Rules of Civil Procedure, the parties were required to make pretrial disclosures to the Court, identifying their expected witnesses and exhibits, at least 30 days prior to trial. The defendant, Town of Weymouth, made a timely pretrial disclosure on September 14, 2007. The plaintiff, Lemmy Oluokun, made his pretrial disclosure late, on September 25, 2007. In his pretrial disclosure, the plaintiff identified twelve (12) documents or other exhibits that he "expects" to offer at trial, and two (2) documents or other exhibits that he "may" offer at trial.

Within 14 days after the filing of pretrial disclosures, each party may file a list of objections to the admissibility of materials identified by an opposing party pursuant to Fed. R. Civ. P. 26(a)(3)(C). The defendant hereby objects to the admission of the following documents or other exhibits that plaintiff "expects" to offer at trial:

1. Emails at Town of Weymouth;
2. Termination letter;
3. Graduation Certificate of Wentworth Institute of Technology;
4. Evaluation Reports from Commonwealth of Massachusetts, ITD;
5. Samples of Technical Journals;
6. Town of Weymouth Budget Report; and
7. Training Materials and Requests.

The defendant further objects to the admission of the following documents or other exhibits that plaintiff "may" offer at trial:

       8.      Excerpts from Lemmy Oluokun's Professional Diaries; and

       9.      Check stubs for Lemmy Oluokun from Town of Weymouth.

As grounds for its objections, the defendant states as follows:

(1) Plaintiff's failure to timely disclose the documents or other exhibits he either "expects" to offer or "may" offer at trial, has prejudiced the defendant in its trial preparation. Neither defense counsel nor defendant's witnesses can fully and adequately prepare for trial without knowing precisely what evidence plaintiff intends to offer in support of his various claims. Moreover, the mandatory disclosure requirements of Fed. R. Civ. P. 26(a)(3)(C) are designed to enhance judicial efficiency and to eliminate "trials by ambush." The defendant is further prejudiced by the fact that it *did* make timely disclosure under Rule 26(a)(3)(C), thereby revealing its expected evidence to the plaintiff, while plaintiff (for the ensuing eleven days) continued to play his cards close to the vest. Thus, plaintiff's own failure to comply has potentially given him an unfair advantage over the defendant, who timely complied with Rule 26(a)(3)(C).

(2) Six of the nine documents identified above (Nos. 1, 3, 6, 7, 8 & 9) were likewise undisclosed in plaintiff's Pretrial Memorandum filed with this Court over ten months ago on November 7, 2006.

(3) Fed. R. Civ. P. 37(c)(1) states, in part, as follows:

> A party that without substantial justification fails to disclose information required by Rule 26(a) . . . is not, unless such failure is harmless, permitted to use as evidence at trial . . . any witness or information not disclosed.

(4) In Klonski v. Mahlab, 156 F.3d 255, 269 (1st Cir. 1998), the First Circuit stated that "the

required sanction in the ordinary case [for failure to make disclosure under Fed. R. Civ. P. 26(a)] is mandatory preclusion."

(5) Plaintiff can demonstrate no "substantial justification" for failing to make the required pretrial disclosure under Fed. R. Civ. P. 26(a)(3)(C). In addition, such failure is not harmless. Although plaintiff's counsel admittedly identified his client's expected witnesses during a telephone conversation with defense counsel on or about September 13, 2007, no pretrial disclosure (informal or otherwise) was ever made by plaintiff regarding the documents or other exhibits he either "expects" to offer or "may" offer at trial, except for the identification of the three documents listed in plaintiff's Pretrial Memorandum on November 7, 2006.

(6) Several documents identified by plaintiff in his late pretrial disclosure (e.g., Nos. 1, 5, 7 & 8 above) are described in only vague and imprecise terms, giving defendant inadequate notice as to precisely what writings plaintiff either "expects" to offer or "may" offer at trial. Such imprecision also prejudices defendant's ability to prepare for trial and/or to frame timely objections to admissibility in accordance with Fed. R. Civ. P. 26(a)(3).

(7) Documents No. 1 (Emails), No. 4 (Evaluation Reports) and No. 8 (Excerpts from Diary) all contain hearsay inadmissible under Fed. R. Evid. 802. Moreover, no exception to the hearsay rule allowing for the admission of such documents is contained in Fed. R. Evid. 803.

(8) The "Evaluation Reports from Commonwealth of Massachusetts, ITD" (document No. 4 above) are irrelevant to the issues of discrimination raised in plaintiff's Complaint and, therefore, inadmissible under Fed. R. Evid. 402. Plaintiff did not begin his employment

for the Commonwealth of Massachusetts until he accepted the position of LINUX System Administrator in January 2005 (eighteen months *after* he was terminated by the defendant.) The Commonwealth position of LINUX System Administrator is substantially different from the Weymouth position of LAN/WAN Network Administrator in that it involves different duties, responsibilities, systems and support. Moreover, the length of time between the two positions makes any feedback plaintiff may have received from his current employer irrelevant plaintiff's job performance 4-6 years ago in Weymouth. Indeed, it is wholly speculative whether plaintiff's performance in his current position tends to prove that he was capable of performing his job as LAN/WAN Network Administrator for the Town of Weymouth from 2001-2003, or that he has merely learned from his mistakes. Even if the Evaluation Reports are relevant (which defendant denies), their probative value "is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by the considerations of undue delay [or] waste of time . . .," and, therefore, inadmissible under Fed. R. Evid. 403.

(9)   The "Town of Weymouth Budget Report" (document No. 6 above) is both (a) undated; and (b) inadmissible absent authentication or identification under Fed. R. Evid. 901. Yet, plaintiff identifies no witnesses in his pretrial disclosure capable of either authenticating or identifying the "Town of Weymouth Budget Report."

(10)  Plaintiff's "Professional Diaries" (document No. 8 above) for the dates he was employed by the defendant (2001-2003) total in excess of 200 pages. Plaintiff did not produce the original diaries for inspection by defense counsel, only photocopies that are (in many

instances) illegible. Furthermore, although the diaries are written predominantly in English, numerous entries are written in Spanish or Afrikaans. Due to plaintiff's late disclosure of document No. 8 as an exhibit that he "may" offer at trial, defendant is prejudiced in its ability to obtain and review legible copies of the diaries and/or to translate the Spanish and Afrikaans entries into English prior to trial.

WHEREFORE, the defendant objects to plaintiff's admission at trial of the nine (9) documents or other exhibits identified above.

> The Defendant,
> TOWN OF WEYMOUTH,
> By its attorneys,
>
> **PIERCE, DAVIS & PERRITANO, LLP**
>
> /s/ John J. Davis
> John J. Davis, BBO #115890
> Daniel G. Skrip, BBO #629784
> Ten Winthrop Square
> Boston, MA 02110
> (617) 350-0950

Dated: October 1, 2007

## CERTIFICATE OF SERVICE

I hereby certify that this document(s) filed through the EFC system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on this 1st day of October, 2007.

> /s/ John J. Davis
> John J. Davis, BBO #115890
> 10 Winthrop Square
> Boston, MA 02110
> (617) 350-0950