UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| LEMMY OLUOKUN, )<br>         Plaintiff,    )<br>                            )<br>v.                       )      C.A. NO. 04-12526-RCL<br>                            )<br>TOWN OF WEYMOUTH, )<br>         Defendant. )<br>                            ) | |

**DEFENDANT'S MOTION IN LIMINE TO PRECLUDE THE TESTIMONY OF PLAINTIFF'S WITNESSES, PETER AMMON AND JOHN KRATMAN**

In his Pretrial Disclosures filed on September 25, 2007, plaintiff identified Peter Ammon ("Ammon") as a witness expected to testify at trial, and John Kratman ("Kratman") as a witness whom plaintiff "may" call to testify to trial. Both Ammon and Kratman are employed at the Commonwealth of Massachusetts Information Technology Division ("ITD") (plaintiff's current employer) located in Chelsea, Massachusetts. Presumably, Ammon and/or Kratman will testify to the competence of plaintiff's job performance as LINUX Administrator for the Commonwealth ITD, a position Mr. Oluokun has held since January 2005. Such testimony will no doubt be offered in an effort to prove that defendant's prior complaints regarding plaintiff's subpar performance three-to-four years earlier as LAN/WAN Network Administrator for the Town of Weymouth from April 2001 to June 2003 were nothing more than a pretext, and that the real reason for plaintiff's termination was racial discrimination.

The testimony of plaintiff's current supervisors is irrelevant to the issues raised in plaintiff's Complaint and should, therefore, be held inadmissible. Fed. R. Evid. 402. Moreover, even if such testimony may be of some consequence to prove that a particular fact (i.e., plaintiff's technical competence or ability) is more or less probable (which defendant denies), such probative value "is substantially outweighed by the danger of unfair prejudice, confusion of the

issues, or misleading the jury, or by considerations of undue delay [or] waste . . ..." Fed. R. Evid. 403. The Court should accordingly preclude the testimony of Ammon and Kratman at trial.

As grounds therefor, the defendant states as follows:

(1)   **LINUX[1] Administrator and LAN/WAN[2] Network Administrator are two different positions.**

The Commonwealth and the Town of Weymouth (although both governmental entities) provide different services to different constituents through the use of different systems and equipment. In Weymouth, plaintiff was hired to design, operate, manage, protect and maintain both the local and wide-area networks for the Town. As the LAN/WAN Network Administrator with direct responsibility for the Town's entire computer network system, he was expected to know a great deal about many areas of network administration, from servers, to cables, to switches, to routers, to firewalls, to security, to upgrades (both for servers and PCs), to operating platforms, among things. In short, plaintiff was expected to be the networking jack-of-all-trades in a small municipal IT department of approximately six employees. As the name LINUX Administrator suggests, plaintiff is not performing the same job for the Commonwealth that he was performing for the Town but is instead responsible for an operating system that runs on ITD servers. Plaintiff's performance as LINUX Administrator is simply not probative of his performance as LAN/WAN Network Administrator.

---

[1] "LINUX" is an operating system frequently used in servers.

[2] "LAN/WAN" stands for "local area network/wide area network."

(2) **The time lag between the two positions makes plaintiff's performance at the Commonwealth ITD irrelevant to his performance at the Town of Weymouth.**

Even if the LINUX Administrator and LAN/WAN Network Administrator positions are sufficiently similar to draw parallels (which defendant denies), plaintiff left the Town's employ on June 30, 2003, and did not begin working for the Commonwealth until eighteen months later, in January 2005. During this time, plaintiff worked at a temp agency (Robert Half), did some volunteer work and some private consulting. Simply because an employee is capable of performing certain tasks and responsibilities in 2005-2007 does not mean he was equally capable of performing the same tasks and responsibilities three to four years earlier in 2001-2003. Stated another way, if Ammon and/or Kratman should testify that plaintiff is qualified as a LINUX Administrator in 2005-2007, such testimony has no relevance to whether plaintiff was qualified as LAN/WAN Network Administrator for the Town from 2001-2003. Plaintiff presumably gained additional experience in his temp, volunteer and consulting positions. Or he acquired additional technical knowledge through subsequent reading and/or training that applied to his new position. Or technology changed from 2001–2003 to 2005-2007, making the comparison one of apples to oranges. Or plaintiff simply learned from his prior mistakes. In any event, plaintiff's job performance in 2005-2007 is not probative of his job performance from 2001-2003.

(3) **The probative value of such testimony is substantially outweighed by the risks.**

In order to conclude that the position of LINUX Administrator for the Commonwealth ITD in 2005-2007 is sufficiently similar to the position of LAN/WAN Network

Administrator for the Town of Weymouth in 2001-2003 to make plaintiff's performance in the former probative of his performance at the latter, plaintiff must first introduce evidence to show the identity of:

- the systems in place at the two locations;
- the technical support structures in place at the two locations;
- the hardware and software;
- training; and
- the duties and responsibilities of each position.

Moreover, evidence must also be introduced to show that computer technology did not change in such a way as to render the comparison wholly meaningless. Introduction of such evidence will not only confuse the issues and mislead the jury, but also cause undue delay and waste of judicial time and resources. Thus, even if plaintiff's current job performance is relevant to his job performance in 2001-2003, the probative value of such evidence is substantially outweighed by the risks to the defendant.

WHEREFORE, the defendant, Town of Weymouth, moves in limine that this Court preclude plaintiff's witnesses, Peter Ammon and John Kratman, from testifying at trial. Fed. R. Evid. 402 & 403.

>The Defendant,
>TOWN OF WEYMOUTH,
>By its attorneys,
>
>**PIERCE, DAVIS & PERRITANO, LLP**
>
>_____/s/ John J. Davis_____
>John J. Davis, BBO #115890
>Daniel G. Skrip, BBO #629784
>Ten Winthrop Square
>Boston, MA 02110
>(617) 350-0950

Dated: October 5, 2007

## CERTIFICATE OF SERVICE

I hereby certify that this document(s) filed through the EFC system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on this 5th day of October, 2007.

>__/s/   John J. Davis_____
>John J. Davis, BBO #115890
>10 Winthrop Square
>Boston, MA 02110
>(617) 350-0950