UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| LEMMY OLUOKUN,<br>        Plaintiff,<br><br>v.<br><br>TOWN OF WEYMOUTH,<br>        Defendant. | C.A. NO. 04-12526-RCL |

**DEFENDANT'S OBJECTIONS TO PLAINTIFF'S
SUPPLEMENTAL PRETRIAL DISCLOSURES**

Pursuant to Rule 26(a)(3) of the Federal Rules of Civil Procedure, the defendant, Town of Weymouth, hereby objects to plaintiff's Supplemental Pretrial Disclosures filed on October 2, 2007, wherein plaintiff states his intent to offer two Personnel Action Forms (dated November 5, 2002 and June 30, 2003, respectively) into evidence. Defendant's objections are based on the following alternative grounds:

(1) **Plaintiff's Supplemental Pretrial Disclosures are late.** Under Fed. R. Civ. P. 26(a)(3), plaintiff's pretrial disclosures were due at least 30 days prior to trial, or by September 14, 2007, at the latest. Plaintiff's Supplemental Pretrial Disclosures were not filed, however, until October 2, 2007, eighteen (18) days late. Plaintiff offers no excuse or justification for his tardiness. Under Fed. R. Civ. P. 37(c)(1), plaintiff should now be barred from offering the Personnel Action Forms into evidence at the time of trial. See Klonski v. Mahlab, 156 F.3d 255, 269 (1st Cir. 1998) ("[T]he required sanction in the ordinary case [for failure to make disclosure under Fed. R. Civ. P. 26(a)] is mandatory preclusion.")

(2) **Plaintiff did not list the two Personnel Action Forms in his Pretrial Memorandum filed on November 7, 2006.** Pursuant to this Court's Order for Final Pre-Trial

Conference dated August 21, 2006, plaintiff was required to list in his Pretrial Memorandum all proposed exhibits he intended to offer in support of his case.

**(3)** **Plaintiff's tardiness has caused prejudice to the defendant.** To date, plaintiff's Rule 26 pretrial submissions have all been untimely:

- Plaintiff's Pretrial Disclosures Pursuant to Rule 26(a)(3) filed on September 25, 2007 (eleven days late);

- Plaintiff's Pretrial Objections Pursuant to Rule 26(a)(3) filed on October 1, 2007 (three days late); and

- Plaintiff's Supplemental Pretrial Disclosures Pursuant to Rule 26(a)(3) filed on October 2, 2007 (eighteen days late).

Plaintiff's consistent failure to comply with the mandatory timetable for pretrial disclosures as set forth in Fed. R. Civ. P. 26 has prejudiced the defendant in its trial preparation and defense strategy. Such failures should not be sanctioned by this Court.

WHEREFORE, the defendant, Town of Weymouth, objects to plaintiff's admission at trial of the two Personnel Action Forms identified in plaintiff's Supplemental Pretrial Disclosure.

The Defendant,
TOWN OF WEYMOUTH,
By its attorneys,

**PIERCE, DAVIS & PERRITANO, LLP**

        /s/ John J. Davis
John J. Davis, BBO #115890
Daniel G. Skrip, BBO #629784
Ten Winthrop Square
Boston, MA 02110
(617) 350-0950

Dated: October 16, 2007

## CERTIFICATE OF SERVICE

I hereby certify that this document(s) filed through the EFC system will be sent

electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on this 16th day of October, 2007.

                                       /s/   John J. Davis
                                   John J. Davis, BBO #115890
                                   10 Winthrop Square
                                   Boston, MA 02110
                                   (617) 350-0950