UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

_____
LEMMY OLUOKUN,                          )
                            Plaintiff,  )
                                        )
v.                                      )          C.A. NO. 04-12526-RCL
                                        )
TOWN OF WEYMOUTH,                       )
                            Defendant.  )
_____)

## DEFENDANT'S AMENDED JURY INSTRUCTIONS

In substitution of the "Suggested Jury Instructions" submitted as the Appendix to defendant's Pretrial Memorandum dated November 7, 2006, the defendant hereby submits the following Amended Jury Instructions:

## No. 1

The plaintiff is a former employee of the defendant, Town of Weymouth. The plaintiff claims the defendant discriminated against him, not for legitimate business reasons, but because of plaintiff's race. In order to recover on a claim of discrimination, the plaintiff must prove, by a fair preponderance of the credible evidence, that the defendant intended to discriminate against him and that, but for plaintiff's race, the defendant would not have demoted or terminated him. The burden of persuasion rests with the plaintiff at all times.

Abramian v. President & Fellows of Harvard Coll., 432 Mass. 107, 115-19, 731 N.E.2d 1075, 1083-86 (2000); Dartt v. Browning-Ferris Industries, 427 Mass. 1, 12, 691 N.E.2d 526, 533 (1998); St. Mary's Honor Ctr. v. Hicks, 509 U.S. 502, 511 (1993).

## No. 2

The plaintiff seeks to recover under the Massachusetts Antidiscrimination Statute, M.G.L. Chapter 151B, which states that it is an unlawful practice for an employer or its agent, on the basis of race, to discriminate against an individual in the terms, conditions or privileges of employment, unless based upon a bona fide occupational qualification.  To recover, the plaintiff must prove, by a fair preponderance of the credible evidence, that:

(1)    he is a member of a protected class;

(2)    he performed his job at an acceptable level;

(3)    despite his acceptable job performance, the plaintiff was demoted, then

terminated; and

(4)    similarly-situated qualified persons (not of the same protected class) were not

treated in a like manner.

M.G.L. c 151B § 4(1); Lipchitz v. Raytheon Co., 434 Mass. 493, 500, 751 N.E.2d 360 (2001);  Blare v. Husky Injection Molding Sys. Boston, Inc., 419 Mass. 437, 441, 646 N.E.2d 111, 115 (1995); Wheelock Coll. v. MCAD, 371 Mass. 130, 135 n.5, 355 N.E.2d 309, 313 n.5 (1976); Harrison v. Boston Fin. Data Servs., Inc., 37 Mass. App. Ct. 133, 136, 638 N.E.2d 41, 43 (1994).

<u>No. 3</u>

One essential element of plaintiff's discrimination case is proof of his own adequate job performance.  Plaintiff must introduce evidence "sufficient to support the inference that his job performance at the time of his [demotion or] discharge was adequate to meet his employer's legitimate needs."

<u>Smith v. Stratus Computer, Inc.</u>, 40 F.3d 11, 15 n.4 (1st Cir. 1994), <u>cert. den.</u>, 514 U.S. 1108 (1995); <u>Lewis v. Area II Homecare for Senior Citizens, Inc.</u>, 397 Mass. 761, 765, 493 N.E.2d 867 (1986).

## No. 4

In order to meet the requirement of showing that similarly-situated persons were not treated in a like manner, plaintiff must identify and describe "specific instances" where other persons in the workplace situated similarly "in all relevant aspects" were treated differently.

> "The test is whether a prudent person, looking objectively at the incidents, would think them roughly equivalent and the protagonists similarly situated. Exact correlation is neither likely nor necessary, but the cases must be fair cogeners. In other words, apples must be compared to apples."

> Molloy v. Blanchard, 115 F.3d 86, 91 (1st Cir. 1997) (internal quotations omitted), citing Dartmouth Review v. Dartmouth College, 889 F.2d 13, 19 (1st Cir. 1989).

### No. 5

Here, the defendant, Town of Weymouth, contends and has offered evidence to show that plaintiff's demotion and termination were justified due to issues of job performance and fiscal budgetary constraints. Because the defendant has produced evidence of nondiscriminatory reasons for its actions, the plaintiff must further prove, by a fair preponderance of the credible evidence, that the reasons given by the defendant were not the real reasons for his demotion and termination but, rather, were pretexts for discrimination on the basis of plaintiff's race.

Abramian v. President & Fellows of Harvard Coll., 432 Mass. 107, 731 N.E.2d 1075 (2000); Dartt v. Browning-Ferris Indus., 427 Mass. 1, 12, 691 N.E.2d 526, 533 (1998); Matthews v. Ocean Spray Cranberries, Inc., 426 Mass. 122, 128, 686 N.E.2d 1303, 1309 (1997); Blare v. Husky Injection Molding Sys. Boston, Inc., 419 Mass. 437, 444–45, 646 N.E.2d 111, 117 (1995); Wheelock Coll. v. MCAD, 371 Mass. 130, 138, 355 N.E.2d 309, 315 (1976); McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802 (1973).

<u>No. 6</u>

In this case, one critical issue is why the defendant demoted, then terminated the plaintiff. It is unlawful to discharge a person because of race. However, it is not unlawful to discharge a person because of inadequate job performance and/or fiscal budgetary constraints. To decide this case, you will have to inquire into and determine the intent or state of mind of plaintiff's supervisor.

<u>Dartt v. Browning-Ferris Indus.</u>, 427 Mass. 1, 14, 691 N.E.2d 526 (1998).

<u>No. 7</u>

When inquiring into plaintiff's supervisor's intent or state of mind, it is significant to consider that James Limbey is the individual who both hired, then later demoted and terminated the plaintiff. "[I]t is improbable that the same persons who hire or promote someone [in a protected class] will suddenly develop an aversion to [members of that class.]"

<u>Dziamba v. Warner & Stackpole, LLP</u>, 56 Mass. App. Ct. 397, 406, 778 N.E.2d 927 (2002).

## No. 8

Sometimes, intent or state of mind can be proved directly.  For example, a witness may testify to what his state of mind was, or a witness may testify to what another person said that would be reflective of that person's state of mind.  Direct evidence is that which, if believed, would result in a highly probable inference that a forbidden bias was present in the workplace.

Wynn & Wynn, P.C. v. MCAD, 431 Mass. 655, 664-66, 729 N.E.2d 1068, 1077-78 (2000); Fernandes v. Costa Bros. Masonry, Inc., 199 F.3d 572, 581-83 (1st Cir. 1999).

<u>**No. 9**</u>

Other times, intent or state of mind must be proved indirectly or circumstantially.  Here, you may examine the actions and words of plaintiff's supervisor and all surrounding circumstances to help you determine what the supervisor's intent or state of mind was when the Town demoted, then terminated the plaintiff.  Circumstantial evidence permits you to draw a reasonable inference from facts in evidence.  The inference proposed by the evidence need not be the only possible one; however, it must be a reasonable one.

<u>Brown v. Commonwealth</u>, 407 Mass. 84, 89, 551 N.E.2d 531 (1990).

## No. 10

When assessing plaintiff's claim of pretext, you should focus on the motivation of the employer, not its business judgment.  While an employer's judgment or course of conduct may seem poor or even erroneous to outsiders, the relevant question is simply whether the given reason was merely a pretext for illegal discrimination.  The employer's stated reason need not be a reason that you, the jury, would necessarily act on or approve.  Nonetheless, an employer is entitled to make its own policy and business judgments.

Kelley v. Airborne Freight Corp., 140 F.3d 335, 351 n.6 (1st Cir. 1998).

## No. 11

The mere showing of a pretext is not sufficient to compel a finding for the plaintiff. Even if the reasons for the defendant's decisions are shown to be false, the plaintiff cannot recover without proof that the defendant acted with the intent to discriminate against the plaintiff because of his race.

Abramian v. President & Fellows of Harvard Coll., 432 Mass. 107, 118, 731 N.E.2d 1075 (2000).

## No. 12

In this case, the plaintiff alleges he was the victim of disparate treatment because of his race. In cases of alleged disparate treatment, "proof of discriminatory motive is indispensable . . .."

School Comm. of Braintree v. MCAD, 377 Mass. 424, 429, 386 N.E.2d 1251 (1979); Smith Coll. v. MCAD, 376 Mass. 221, 227, 380 N.E.2d 121 (1978).

<u>No. 13</u>

The plaintiff also claims he was the victim of a racially hostile work environment. To prove this claim, plaintiff must demonstrate that he was subjected to conduct of a racial nature that was so severe or pervasive as to be hostile, humiliating or intimidating to a reasonable person. The workplace must be permeated with discriminatory intimidation, ridicule and insult which is so severe that it creates a barrier to plaintiff's "full and untrammeled participation in the workplace."

<u>College-Town, Div. of Interco, Inc. v. MCAD</u>, 400 Mass. 156, 162, 508 N.E.2d 587, 591 (1987); <u>Dubose v. Mass. Bay Transp. Auth.</u>, 2002 WL 31318578, *9 (MCAD).

## No. 14

To recover on a claim based on a racially hostile work environment, plaintiff must prove that the atmosphere of racial discrimination in the workplace was pervasive.

Gearin v. Wal-Mart Stores, Inc., 2000 WL 33665375 (MCAD).

<u>No. 15</u>

To recover on a claim based on a racially hostile work environment, plaintiff must prove that the pervasive atmosphere of racial discrimination in the workplace unreasonably interfered with his job performance.

<u>Ramsdell v. Western Mass. Bus Lines, Inc.</u>, 415 Mass. 673, 678-79, 615 N.E.2d 192 (1993).

### No. 16

The plaintiff also claims the defendant, Town of Weymouth, violated his rights to equal protection under the United States Constitution due to his race. The Fourteenth Amendment to the United States Constitution guarantees that government shall deny no person "equal protection of the law" because of his race. This means government must accord similar treatment to persons who are similarly situated, regardless of race. Thus, in order to demonstrate that his equal protection rights were violated, the plaintiff has the burden of proving, by a fair preponderance of the credible evidence that, compared to others similarly situated, he was selectively treated based on his race.

Barrington Cove Ltd. Partnership v. Rhode Island Housing & Mortg. Finance Corp., 246 F.3d 1, 7 (1st Cir. 2001); Marrero-Guttierrez v. Molina, 491 F.3d 1, 9 (1st Cir. 2007).

## No. 17

     To meet his burden of proving that, compared to others similarly situated, the plaintiff was selectively treated because of his race, he must "identify and relate specific instances where persons similarly situated in all aspects were treated differently . . .."

     <u>Buchanan v. Maine</u>, 469 F.3d 158, 178 (1st Cir. 2006).

**No. 18**

The persons with whom plaintiff compares his alleged mistreatment must be in "substantially similar" positions.  Stated another way, the plaintiff "must show an extremely high degree of similarity between [himself] and the persons to whom [he compares himself.]"

> Cordi-Allen v. Conlon, 494 F.3d 245, 251 (1st Cir. 2007), quoting Clubside, Inc. v. Valentin, 468 F.3d 144, 159 (2d Cir. 2006).

## No. 19

The "substantial similarity" standard does not require an "exact correlation"; still, "there must be sufficient proof on the relevant aspects of the comparison to warrant a reasonable inference of substantial similarity."

Cordi-Allen v. Conlon, 494 F.3d 245, 251 (1st Cir. 2007).

**No. 20**

"[T]he test [of 'substantial similarity'] is whether an objective person would see two people similarly situated based upon the incident and context in question."

Marrero-Guttierrez v. Molina, 491 F.3d 1, 9 (1st Cir. 2007), citing Rodriguez-Cuervos v. Wal-Mart Stores, Inc., 181 F.3d 15, 21 (1st Cir. 1999).

## No. 21

Under federal law, a municipal employer cannot be held vicariously liable for the alleged civil rights violations committed by its employees. Thus, the plaintiff cannot recover on his equal protection claim against the Town of Weymouth based on the alleged misconduct of James Limbey or any other employee of the Weymouth IT Department. Rather, to recover against the Town, the plaintiff must prove that his equal protection rights were violated by an official policy or custom adopted or followed by the Town itself.

Monell v. Department of Social Services, 436 U.S. 658, 691-695 (1978); Baron v. Suffolk County Sheriff's Dep't, 402 F.3d 225, 236 (1st Cir. 2005).

<u>No. 22</u>

The defendant, Town of Weymouth, cannot be held liable for the violation of plaintiff's civil rights absent proof that the Town's lawmakers or Mayor caused him harm by adopting an official policy or by following an established custom.

<u>Wilson v. City of Boston</u>, 421 F.3d 45, 59 (1st Cir. 2005).

**No. 23**

"Municipal liability under Section 1983 attaches where – and only where – a deliberate choice to follow a course of action is made from among other alternatives by the official or officials responsible for establishing final policy with respect to the subject matter in question."

Pembaur v. City of Cincinnati, 475 U.S. 469, 482-83 (1986).

**No. 24**

Absent an express policy established by the Town of Weymouth lawmakers or Mayor, liability for the violation of plaintiff's equal protection rights can only be imposed on the defendant upon proof that such violation resulted from the lawmakers' or Mayor's adoption of a widespread practice within the Town that was "so permanent and well established as to constitute a 'custom or usage' with the force of law."

St. Louis v. Praprotnick, 485 U.S. 112, 127 (1988).

### No. 25

Damages based on the abstract "value" or "importance" of a constitutional right may not be awarded to the plaintiff. Upon establishing an equal protection violation, plaintiff may only recover upon proof of actual damages grounded in the determination of real losses caused by the alleged constitutional violation.

Memphis Community School Dist. v. Stachura, 477 U.S. 299, 308 (1986).

**No. 26**

The plaintiff alleges he suffered emotional distress as a result of defendant's

discrimination.  To recover damages for emotional distress, plaintiff must prove by substantial

evidence that emotional suffering occurred, and must further prove by substantial evidence a

causal connection between his emotional distress and defendant's alleged discriminatory acts.

Damages are not recoverable for pre-existing distress, or for distress existing from circumstances

other than the acts of the defendant.

> DeRoche v. MCAD, 447 Mass. 1, 7, 848 N.E.2d 1197, 1202 (2006); Stonehill Coll. v.
> MCAD, 441 Mass. 549, 576-77, 808 N.E.2d 205 (2004).

## No. 27

A finding of racial discrimination, by itself, is insufficient evidence from which to infer or presume emotional distress.

<u>Stonehill Coll. v. MCAD</u>, 441 Mass. 549, 576-77, 808 N.E.2d 205 (2004).

<u>No. 28</u>

While evidence of a physical manifestation of emotional distress is not necessary for an award of damages, some additional factual basis for the alleged emotional distress must be shown on the record.  Thus, in order to recover damages for emotional distress, it is not sufficient to show merely that plaintiff was "upset" by the alleged discrimination, or that he was angry, distressed or otherwise demoralized.

<u>Stonehill Coll. v.MCAD</u>, 441 Mass. 549, 576-77, 808 N.E.2d 205 (2004); <u>School Comm. of Norton v. MCAD</u>, 63 Mass. App. Ct. 839, 849, 830 N.E.2d 1090 (2005).

<u>No. 29</u>

Plaintiff was under a duty to mitigate (to the extent possible) any damages proximately caused by the defendant.

<u>Blockel v. J.C. Penney Co., Inc.</u>, 337 F.3d 17, 27 (1st Cir. 2003); <u>Conway v. Electro Switch Corp.</u>, 402 Mass. 385, 389, 523 N.E.2d 255 (1988).

<u>No. 30</u>

Damages must be set upon a solid foundation in fact. The plaintiff cannot recover if an

essential element of his damages claimed is based on conjecture, surmise or hypothesis.

<u>Page v. New England Telephone & Telegraph Co.</u>, 9 Mass. App. Ct. 916 (1980),
<u>aff'd</u>, 383 Mass. 250 (1981).

The Defendant,
TOWN OF WEYMOUTH,
By its attorneys,

**PIERCE, DAVIS & PERRITANO, LLP**

_____/s/ John J. Davis_____
John J. Davis, BBO #115890
Daniel G. Skrip, BBO #629784
Ten Winthrop Square
Boston, MA 02110
(617) 350-0950

Dated: October 16, 2007

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that this document(s) filed through the EFC system will be sent
electronically to the registered participants as identified on the Notice of Electronic Filing (NEF)
and paper copies will be sent to those indicated as non-registered participants on this 16th day of
October, 2007.

__/s/    John J. Davis_____
John J. Davis, BBO #115890
10 Winthrop Square
Boston, MA 02110
(617) 350-0950