UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

```
_____
                              )
LEMMY OLUOKUN,                )
        Plaintiff,            )
                              )      C.A. No. 04-12526-RCL
v.                            )
                              )
TOWN OF WEYMOUTH,             )
        Defendant.            )
_____)
```

## PLAINTIFF'S AMENDED JURY INSTRUCTIONS

The Plaintiff, Lemmy Oluokun ("Mr. Oluokun") hereby submits his Proposed Jury Instructions.

## INTRODUCTION

The Massachusetts anti-discrimination statute makes it unlawful for an employer, or its agents, to refuse to hire or promote, or to discharge or discriminate in compensation, terms, conditions, or privileges of employment based on a person's age, color, handicap, national origin, race, religion, sex, or sexual orientation.

The Plaintiff claims that the Defendant terminated his employment, not for legitimate business reasons, but because of the Plaintiff's race/national origin. In other words, because he is African.

## NO. 1

The Plaintiff was an employee of the Town of Weymouth for two years before he was terminated. The Plaintiff argues that, during that time, he was harassed and discriminated against because of his race/national origin. He also claims that he was eventually terminated for the same reason. In order to recover on a claim of discrimination, the Plaintiff must prove by a

preponderance of the evidence that, but for his race/national origin, he would not have been demoted and/or terminated. See McDonnell Douglas Corp v. Green, 411 U.S. 792, 802 (1973).

## NO. 2

Plaintiff must prove that is was more likely than not that the Defendant's stated reasons for terminating him were a pretext. See Lehman v. Prudential Ins. Co. of America, 74 F.3d 323, 327 (1st Cir. 1996). You may find for the Plaintiff if you determine discrimination as the basis of Defendant's termination of Plaintiff's employment and if you reject the Defendant's nondiscriminatory explanation for the adverse employment action and believe said explanation to be a pretext. Reeves v. Sanderson Plumbing Prods, Inc., 530 U.S. 133, 120 S.Ct. 2097 (2000). See Abraham v. President & Fellow of Harvard College 432 Mass. 107, 731 N.E.2d 1075 (2000).

## NO. 3

The factfinder merely has to determine whether race/national origin was a determinative influence on the Defendant's decision to terminate him, even if other factors exist. See Kelley v. Airborne Freight Corporation d/b/a Airborne Express, 140 F.3d 335, 351 (1st Cir. 1998).

## NO. 4

The fact that the same person both hired and fired Mr. Oluokun is not the determining factor in deciding whether or not the Defendant acted with a discriminatory motive. The length of time between the hiring and firing of an employee affects the strength of the inference that discrimination was not a factor in the employee's discharge. Over the years, an individual may develop an animus towards a class of people that did not exist when the hiring decision was made. See Kelley v. Airborne Freight Corporation d/b/a Airborne Express, 140 F.3d 335, 464 (1st Cir. 1998).

## NO. 5

In order to prevail on a claim that the Defendant violated M.G.L. ch. 151B, the Plaintiff must prove by a preponderance of the evidence, that:

A. He is a member of a protected class, an assertion that is undisputed in this case;

B. He was qualified for the job;

C. He was terminated and/or otherwise suffered from an adverse employment action; and

D. Another less qualified individual(s) not in a protected class, i.e. white employees, were either hired or continued in employment instead of the Plaintiff, or were treated differently than the Plaintiff. See Holland v. BLH Electronics, Inc. 59 Mass. App. Ct. 678, 792 N.E.2d 672 (2003).

## NO. 6

Statements made by decisionmakers can be evidence of discrimination. See Rodriguez v. Ponte, Inc., 98 F.3d 670, 676 (1st Cir. 1996).

## NO. 7

Statements made by non-decisionmakers can be evidence that a discriminatory atmosphere pervades the workplace and infects the company's personnel decisions. See Conway v. Electro Switch Corp., 825 F.2d 593, 600 (1st. Cir. 1987).

If you find that the treatment of the Plaintiff was unequal to the treatment of employees similarly situated and that said treatment was based upon the Plaintiff's race/national origin, then you must find the Defendant in violation of 42 U.S.C. § 1981 and having violated the 14th Amendment Constitutional Rights of the Plaintiff.  See <u>Holland v. BLH Electronics, Inc.</u> 59 Mass. App. Ct. 678, 792 N.E.2d 672 (2003).

## **NO. 8**

If you find that the treatment of the Plaintiff by the Defendant was different than other employees similarly situated and that said treatment was intentional, malicious and intended to harm the Plaintiff, then you must find the Defendant in violation of 42 U.S.C. § 1983.  See <u>Columbus v. Biggio,</u> 76 F. Supp. 2nd 43 (D. Mass).

## **NO. 9**

If you find that the Plaintiff was treated differently than his white co-workers by creating a racially hostile environment, and there was unequal treatment of him compared to the treatment of his co-workers, and further the Defendant interfered with the Plaintiff's rights to be free of discrimination in his workplace, then you must find the Defendant violated M.G.L. ch. 151B § 4(1) and § 4(4A).

## **NO. 10**

If you find the Defendant violated M.G.L. ch. 151B § 4(1) and § 4(4A), you must find that said violations were the proximate cause of loss of income, reputation, emotional distress, and mental suffering.  <u>Dawson v. Pastrik,</u> (1977, ND Ind.) 441 F.Supp. 133.

### NO. 11

You may find for the Plaintiff under instructions 1, 2, and 3, in that there was discrimination as the basis of Defendant's termination of Plaintiff's employment and if you reject the Defendant's nondiscriminatory explanation for the adverse employment action and believe said explanation to be a pretext.  Reeves v. Sanderson Plumbing Prods, Inc., 530 U.S. 133, 120 S.Ct. 2097 (2000).  See Abrahim v. President & Fellow of Harvard College 432 Mass. 107, 731 N.E.2d 1075 (2000).

### NO. 12

"Municipalities can assert no reliance claim which can support an absolute immunity." In other words, municipalities cannot commit wrongdoings under the impression that such wrongdoing is protected by governmental immunity.  See Monell v. Department of Social Services,  436 U.S. 658, 700 (1978).

### NO. 13

"It scarcely need be mentioned that nothing in [the caselaw or statutes] encourages municipalities to violate constitutional rights or even suggests that such violations are anything other than completely wrong."  See Monell v. Department of Social Services,  436 U.S. 658, 700 (1978).

### NO. 14

Upon proof of actual injury, compensatory damages may be awarded for violation of an individual's constitutional rights. See Memphis Community School Dist. V. Stachura, 477 U.S. 299, 308 (1986).

**NO. 15**

Factors that should be considered when awarding emotional distress damages are: (1) the nature and character of the alleged harm; (2) the severity of the harm; (3) the length of time the complainant has suffered and reasonably expects to suffer; and (4) whether the complainant has attempted to mitigate the harm (e.g. by counseling).  See Stonehill College v. Massachusetts Commission Against Discrimination, 441 Mass. 549, 576 (2004).

**NO. 16**

Each emotional distress award should be case specific and should not be determined by formula or by precise reference points.  Evidence of some physical manifestation of the emotional distress would be beneficial.  See Stonehill College v. Massachusetts Commission Against Discrimination, 441 Mass. 549, 576 (2004).

    Respectfully submitted,
    LEMMY OLUOKUN,
    By His Attorneys,

    /s/ David H. Stillman
    David H. Stillman BBO# 555554
    Jill E. Goodman BBO# 653938
    STILLMAN & ASSOCIATES, P.C.
    51 Mill Street, Suite 5
    Hanover, MA 02339
    (781) 829-1077

**CERTIFICATE OF SERVICE**

I, David H. Stillman, attorney for Lemmy Oluokun, hereby certify that on this date, October 26, 2007, I caused a copy of said document to be sent to all counsel of record via first class mail, postage prepaid.

    /s/ David H. Stillman
    David H. Stillman, Esq.  #555554