UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

```
_____
LEMMY OLUOKUN,              )
            Plaintiff,      )
                            )
v.                          )     C.A. NO. 04-12526-RCL
                            )
TOWN OF WEYMOUTH,           )
            Defendant.      )
_____)
```

### DEFENDANT'S MOTION IN LIMINE TO PRECLUDE TESTIMONY REGARDING PLAINTIFF'S MEDICAL TREATMENT OR COUNSELING FOR EMOTIONAL DISTRESS OR MENTAL SUFFERING

In his Verified Complaint, plaintiff twice claims that as a result of defendant's alleged actions, he suffered "emotional distress and mental suffering". (Verified Complaint, ¶¶ 23 and 27.) Presumably, plaintiff will testify to the medical treatment or counseling that he allegedly received secondary to his purported emotional distress and mental suffering. Notwithstanding, plaintiff has identified no treatment or counseling record as a trial exhibit in either his Pretrial Memorandum or his Pretrial Disclosure. As such, any testimony regarding plaintiff's treatment or counseling for emotional distress and mental suffering should be held inadmissible because (1) plaintiff's interpretation of his own treatment records, in the absence of such records themselves, would be unduly prejudicial to the defendant; (2) the best evidence of plaintiff's treatment or counseling for emotional distress and mental suffering is his medical records; and (3) any testimony regarding treatment or counseling, in the absence of medical records or expert testimony, would lack foundation.

As further grounds for this Motion, the defendant states as follows:

(1) **In the absence of the actual treatment or counseling records, plaintiff's interpretation of his own medical records would be unduly prejudicial to the defendant.**

The **Order For Final Pretrial Conference** was clear. Each party was to provide a "list of

the proposed exhibits each party will offer in that party's affirmative case." (**Order For Final Pretrial Conference**, Section 7(m).) In his Pretrial Memorandum, plaintiff identified no medical records whatsoever. He also identified no medical records in his Pretrial Disclosures. Notwithstanding, plaintiff is expected to testify to the frequency, content, and effect of his treatment or counseling for emotional distress and mental suffering. Plaintiff should not be able to offer such testimony because, if he does, he will be asking the jury to accept his interpretation of his treatment records, while depriving the jury of the opportunity to study them. In such a case, the probative value of plaintiff's interpretations is substantially outweighed by the risks faced by the defendant. Plaintiff's subjective interpretation of his records may stray from the nature of the treatment rendered or the reasons therefor, or conflict with the intent or meaning of the medical provider or counselor who created the same.

**(2)     The best evidence of plaintiff's treatment is his medical records, not his unsupported testimony.**

Federal Rule of Evidence 1002 states that to "prove the content of a writing, recording, or photograph, the original writing, recording, or photograph, is required, expect as otherwise provided by these rules or by Act of Congress."[1] Plaintiff cannot admit the best evidence of his treatment or counseling (to wit: his medical records) because he failed to identify them either in his Pretrial Memorandum or Pretrial Disclosure. Accordingly, plaintiff is expected to testify about the details of his treatment or counseling without the actual records. As such, he will testify to "the content of a writing" in violation of Fed. R. Evid. 1002. Thus, plaintiff testifying to his treatment or counseling for emotional distress or mental suffering would violate the Best Evidence Rule. It is one thing for

---

[1] Rule 1003 allows duplicates in lieu of originals.

a plaintiff to complement his medical records by describing the details of his treatment or counseling, but it is wholly another for him to testify to his treatment without allowing the jury to view the treatment and counseling records.

**(3)     Without medical records or expert testimony, plaintiff's testimony as to his treatment or counseling for emotional distress or mental suffering has no foundation.**

In addition to identifying no treatment records, plaintiff has disclosed no testifying expert. While it is well-established in this Circuit that expert testimony is not required to sustain an award of emotional distress, Sanchez v. P.R. Oil Co., 37 F.3d 712, 724 (1st. Cir. 1994), plaintiff should, at the very least, be required to introduce his medical records in support of his expected claim that a) his treatment was causally related to defendant's alleged actions; and b) that his treatment was appropriate and necessary. Given his failure to identify such evidence in his Pretrial Disclosure or his Pretrial Memorandum, plaintiff cannot introduce that evidence at trial. As such, testimony regarding treatment or counseling for emotional distress or mental suffering would lack any reasonable foundation.

**WHEREFORE**, the defendant, Town of Weymouth, moves in limine that this Court preclude any testimony of plaintiff's medical treatment or counseling for emotional distress or mental suffering.

The Defendant,
TOWN OF WEYMOUTH,
By its attorneys,

**PIERCE, DAVIS & PERRITANO, LLP**


    /s/ John J. Davis
John J. Davis, BBO #115890
Daniel G. Skrip, BBO #629784
Ten Winthrop Square
Boston, MA 02110
(617) 350-0950

Dated: October 28, 2007

## CERTIFICATE OF SERVICE

I hereby certify that this document(s) filed through the EFC system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on this 28th day of October, 2007.

    /s/   John J. Davis
John J. Davis, BBO #115890
10 Winthrop Square
Boston, MA 02110
(617) 350-0950