UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| LEMMY OLUOKUN,<br>               Plaintiff,<br><br>v.<br><br>TOWN OF WEYMOUTH,<br>               Defendant. | C.A. NO. 04-12526-RCL |

## DEFENDANT'S MOTION FOR JUDGMENT AS A MATTER OF LAW

The defendant, Town of Weymouth, now moves, pursuant to Rule 50(a) of the Federal Rules of Civil Procedure, that this Court enter judgment in its favor on all Counts of the plaintiff's Verified Complaint as a matter of law. Rule 50(a) states, in part:

> If during a trial by jury a party has been fully heard on an issue and there is no legally sufficient evidentiary basis for a reasonable jury to find for that party on that issue, the court may determine the issue against that party and may grant a motion for judgment as a matter of law against that party with respect to the claim or defense that cannot under the controlling law be maintained or defeated without a favorable finding on that issue.

Upon considering a Rule 50 Motion, a Court must view all evidence in the light most favorable to the opposing party. Perez v. Volvo Car Corp., 247 F.3d 303 (1st Cir. 2001). Yet, the opposing party "is not entitled to inferences based on speculation and conjecture." Ferrer v. Zayas, 914 F.2d 309, 311 (1st Cir. 1990). Moreover, a non-moving party who bears the burden of proof, as plaintiff, Lemmy Oluokun, does here, must have presented "more than a mere scintilla of evidence in [his] favor" to withstand a Rule 50 Motion. Peguero-Moronta v. Santiago, 464 F.3d 29, 45 (1st Cir. 2006), citing Invest Almaz v. Temple-Inland Forest Prods. Corp., 243 F.3d 57, 76 (1st Cir. 2001). Additionally, evidence proffered by the non-moving party must make existence of the fact to be inferred more probable than its non-existence. Katz v. City Metal Co., Inc., 87 F.3d 26, 28 (1st Cir. 1996).

In support of this Motion, the defendant states as follows:

I.   **Defendant is Entitled to Judgment as a Matter of Law on Counts I and III of Plaintiff's Verified Complaint.**

Plaintiff's Verified Complaint sets forth three Counts for relief;

>   Count I – 42 U.S.C. § 1983 (alleged violation of plaintiff's Equal Protection rights);
>
>   Count II – M.G.L. c. 151B, § 4(1) (alleged violation of the Massachusetts Anti-Discrimination Statute); and
>
>   Count III – 42 U.S.C. § 1981 (alleged violation of plaintiff's rights against discrimination in the workplace).

Without objection from plaintiff's counsel, this Court ruled, during pre-trial proceedings held on Monday, October 29, 2007, that the trial would determine whether plaintiff was entitled to relief under M.G.L. Chapter 151B. Plaintiff's recovery under the similar remedies provided in 42 U.S.C. § 1981 and 42 U.S.C. § 1983 is permitted only upon proof that defendant violated plaintiff's civil rights by an official policy or custom adopted or followed by the Town. Monell v. Department of Social Services, 436 U.S. 658, 691-695 (1978); Jett v. Dallas Ind. School Dist., 491 U.S. 701, 733 (1989) (Section 1983 constitutes exclusive remedy for violation of rights guaranteed in Section 1981). Plaintiff has introduced insufficient evidence to show an official policy or custom of discrimination adopted or followed by the defendant. Therefore, the defendant is entitled to Judgment as a matter of law with respect to Counts I and III.

I.   **Defendant is Entitled to Judgment as a Matter of Law on Count II of Plaintiff's Verified Complaint.**

In Count II of his Verified Complaint, the plaintiff seeks recovery under M.G.L. c. 151B, §4(1) on two theories. First, plaintiff claims he was discriminated against because of his race or national origin. Second, plaintiff claims he was subjected to a racially hostile atmosphere. The plaintiff has introduced insufficient evidence to show a right of recovery under either theory and,

therefore, this Court should enter Judgment in favor of the defendant on Count II as a matter of law.

    A.    <u>Plaintiff Cannot Show he was Discriminated Against Because of his Race or National Origin.</u>

        *1.    Plaintiff has introduced insufficient evidence to show that similarly-situated qualified persons were not treated in a like manner.*

To recover for discrimination under Chapter 151B, the plaintiff must prove that:

(1)    he is a member of a protected class;

(2)    he performed his job at an acceptable level;

(3)    despite his acceptable job performance, the plaintiff was demoted, then terminated; and

(4)    *similarly-situated qualified persons (not of the same protected class) were not treated in a like manner.*

M.G.L. c 151B, § 4(1); <u>Lipchitz v. Raytheon Co.</u>, 434 Mass. 493, 500, 751 N.E.2d 360 (2001); <u>Blare v. Husky Injection Molding Sys. Boston, Inc.</u>, 419 Mass. 437, 441, 646 N.E.2d 111, 115 (1995); <u>Wheelock Coll. v. MCAD</u>, 371 Mass. 130, 135 n.5, 355 N.E.2d 309, 313 n.5 (1976); <u>Harrison v. Boston Fin. Data Servs., Inc.</u>, 37 Mass. App. Ct. 133, 136, 638 N.E.2d 41, 43 (1994).

For purposes of proving that two individuals "similarly situated" received differential treatment, Massachusetts courts have adopted the approach taken by federal courts under Title VII. Thus, the plaintiff must "identify and relate specific instances where persons similarly situated 'in all relevant aspects,' were treated differently." <u>Matthews v. Ocean Spray Cranberries, Inc.</u>, 426 Mass. 122, 129 (1997), quoting <u>Dartmouth Review v. Dartmouth Coll.</u>, 889 F.2d 13, 19 (1st Cir. 1989). "The plaintiff must identify other employees to whom he is similarly situated 'in terms of performance, qualifications and conduct, without such differentiating or mitigating circumstances

that would distinguish their situations.'" Matthews, 426 Mass. at 130, quoting Smith v. Stratus Computer, Inc., 40 F.3d 11, 17 (1st Cir. 1994), cert. den., 514 U.S. 1108 (1995).

The evidence introduced is consistent; plaintiff was hired by the defendant to serve as the first LAN/WAN Network Administrator for the Town. His job was unique; his duties and responsibilities were unique. No other individual within the Town, in general, or the IT Department, in particular, was expected to perform the same services – i.e., to design, upgrade, service and maintain the Town Network and its associated hardware and software. The plaintiff was also hired at a higher salary commensurate with his substantial duties and responsibilities. Indeed, he was paid more than every other member of the IT Department, other than the Director.

Plaintiff has introduced not a scintilla of evidence to identify another Town employee who was similarly situated "in all relevant aspects." He has not identified any valid comparators, nor has he offered any evidence to show that such individuals were similarly situated with plaintiff in terms of performance, qualifications or conduct. It was plaintiff's burden to do so. Smith, 40 F.3d at 17. Without such proof, defendant is entitled to Judgment on plaintiff's discrimination claim as a matter of law. See Rodriguez-Cuervos v. Wal-Mart Stores, Inc., 181 F.3d 15, 21 (1st Cir. 1999) (plaintiff store manager held not similarly situated to manager of different store who was evaluated by different supervisor during different time period); Byrd v. Ronanyne, 61 F.3d 1026, 1032 (1st Cir. 1995) (plaintiff attorney failed to demonstrate that she was similarly situated to male attorney "in all relevant aspects"); Cardona-Jimenez v. Bancoamerico de Puerto Rico, 174 F.3d 36, 42 & n.4 (1st Cir. 1999) (plaintiff branch manager held not similarly situated to head of human resources, vice president of operations, and/or assistant vice president of operations).

>   2.   *Plaintiff has introduced insufficient evidence to show that his salary was cut or that he was laid off because of his race or national origin.*

Plaintiff testified that he "does not know" why his salary was cut in November 2002. Further, although he believes his job was terminated on June 30, 2003 due to his race or national origin, plaintiff has offered little or no evidence to show that the "real" reason for his termination was not the budget but, rather, the color of his skin. Once the defendant produces evidence of nondiscriminatory reasons for its actions (as the defendant has done here), the plaintiff bears the burden of proving that those reasons are a mere pretext for unlawful discrimination. Abramian v. President & Fellows of Harvard Coll., 432 Mass. 107 (2000). Plaintiff's evidence of pretext is insufficient and, therefore, he cannot show he was discriminated against because of his race or national origin.

>   3.   *Plaintiff has introduced insufficient evidence to show that the defendant intended to discriminate against him because of his race or national origin.*

The mere showing of a pretext is not sufficient to compel a finding for the plaintiff. Even if the reasons for defendant's decision are shown to be false, the plaintiff cannot recover absent proof that the defendant acted with the intent to discriminate against the plaintiff because of his race. Abramian, 432 Mass. at 118. The plaintiff has introduced insufficient evidence to make such a showing.

>   B.   Plaintiff Cannot Show he was the Victim of a Racially-Hostile Work Environment.

To prove a hostile environment claim, plaintiff must demonstrate that he was subjected to conduct of a racial nature that was so severe or pervasive as to be hostile, humiliating or intimidating to a reasonable person. The workplace must be permeated with discriminatory intimidation, ridicule and insult which is so severe that it creates a barrier to plaintiff's "full and untrammeled participation

in the workplace." College-Town, Div. of Interco, Inc. v. MCAD, 400 Mass. 156, 162 (1987). To determine whether misconduct is severe or pervasive, a factfinder must consider the frequency of the conduct, as well as its severity and offensiveness. Kelley v. Plymouth County Sheriff's Office Dep't, 22 MDLR 208 (2000). Minor isolated conduct over a period of time is generally insufficient to meet the pervasiveness standard. Id., at 214. Even if a plaintiff establishes a series of occasional acts of harassment, there can be no liability if the events were limited in number and duration to only a few isolated remarks over a period of time. Pio v. Kinney Shoe Corp., 19 MDLR 127, 131 (1997). See Cody v. Sutar, 1997 WL 109563 (Sup. Ct., March 11, 1997) (one dozen comments over five-month period held not actionable under Chapter 151B); Horzesky v. R&M Constr. Co., 15 MDLR 1171, 1176 (1993) ("casual comments or accidental or sporadic conversations are insufficient to constitute a pervasive hostile environment"); Nardone v. Mass. Gen'l Hospital, 2001 WL 1602765, at *8 (MCAD Docket No. 95-BEM-2539, Oct. 16, 2001) (stray remarks held not sufficiently pervasive or severe).

The plaintiff offered evidence of only four comments or statements by James Limbey from April 2001 to June 2003 that plaintiff maintains were racial: (1) the statement that the Mayor wanted plaintiff fired because of his salary; (2) the statement that plaintiff should quit so that Mr. Limbey could replace him with a "white professional"; (3) the statement that minorities were at the "bottom of the food chain"; and (4) the suggestion that plaintiff should consider looking for a job in either "sports" or "music." Two of the alleged statements are admittedly racial; the other two are not. Two to four statements made over a period of 26 months of employment do not, as a matter of law, qualify as "severe" and "pervasive." Plaintiff has introduced insufficient evidence to show that his workplace was permeated with discriminatory intimidation, ridicule and insult. Therefore, the

defendant is entitled to Judgment on plaintiff's hostile environment claim.

**WHEREFORE**, the defendant respectfully requests that this Court enter Judgment as a matter of law in its favor on Counts I, II and III of plaintiff's Verified Complaint.

                                                The Defendant,
TOWN OF WEYMOUTH,
By its attorneys,

**PIERCE, DAVIS & PERRITANO, LLP**

_____
John J. Davis, BBO #115890
Ten Winthrop Square
Boston, MA 02110
(617) 350-0950

Dated: November 5, 2007