UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| LEMMY OLUOKUN,<br>Plaintiff,<br><br>v.<br><br>TOWN OF WEYMOUTH,<br>Defendant. | )<br>)<br>)<br>) C.A. No. 04-12526-RCL<br>)<br>)<br>)<br>)<br>) |

**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION
FOR JUDGMENT AS A MATTER OF LAW**

The Plaintiff, Lemmy Oluokun ("Mr. Oluokun"), hereby submits his Opposition to the Defendant, the Town of Weymouth's (the "Town"), Motion for Judgment as a Matter of Law as to the issue of "racially hostile work environment" *only*.

To prove a hostile work environment, the Plaintiff must prove that a) he was subjected to severe or pervasive harassment that materially altered the conditions of his employment and b) the harassment was objectively and subjectively offensive, one that a reasonable person would find hostile or abusive, and one that the victim in fact did perceive to be so. Noviello v. City of Boston, 398 F.3d 76, 92.

**1.     Whether or Not the Mr. Oluokun was subjected to severe or pervasive harassment that materially altered the conditions of his employment is an issue of fact to be determined by the jury.**

To determine whether or not Mr. Oluokun met his burden in proving this element, the jury will have to look at the Town's actions as opposed to its words. Mr. Oluokun testified to, and the Town did not dispute, that Mr. Oluokun's salary was cut in half while he was expected to work full time, and Mr. Oluokun was denied training that the white employees received.

The Town argued that Mr. Oluokun performed poorly and thus his salary needed to be cut. However, Mr. Oluokun testified that he was never given any indication that his performance was poor. In fact, he was under the impression that he was doing a good job. Nevertheless, his salary was cut in half while the other employees' salaries either remained the same. Or, in the case of Mr. James Limbey, his salary increased. A jury could decide that such an adverse employment action created a hostile work environment.

Further, because Mr. Oluokun was denied essential training, he was at a disadvantage when compared to his white co-workers who were sent to training on the current software. Mr. Oluokun was not provided the opportunity to keep his certifications up to date or to learn the software that would be implemented by the Town during his employment. The Town argued that Mr. Oluokun the courses were ones that Mr. Oluokun should not have needed to take because he used to teach computer courses *8 years earlier.* Mr. Oluokun's resume, which was entered as an exhibit, will show that technology had changed so much since Mr. Oluokun's teaching days that he did require the coursework. Mr. Oluokun brought this to the Town's attention and was still denied the training.

It is an issue of fact for the jury whether or not these acts by the Town should be considered severe or pervasive, as well as whether or not they materially altered the conditions of his employment.

**2.    Whether or not the statements attributed to the Town were objectively and subjectively offensive whereby a reasonable person would find hostile or abusive, and one that the victim in fact did perceive to be so, is a question of fact to be decided by the jury.**

Mr. Oluokun testified to four statements made by Town employees. *Three* were undeniably racial, including the "sports or music" quote, which Defendant is trying to say was not racially motivated. The fourth, that the Mayor wanted Mr. Oluokun terminated, was

misquoted by the Defendant in its Motion. Mr. Oluokun did not testify that the Mayor wanted him gone because of his salary. Mr. Oluokun did not know why the Mayor wanted him gone, but he interpreted it as discrimination. Nevertheless, it is up to the jury to decide whether or not those racial statements were *severe* enough to make Mr. Oluokun and a reasonable person feel like his work environment was hostile.

The jury could easily decide that after Mr. Oluokun heard these statements, he was aware of his supervisor's and co-worker's attitudes towards black people, even if they did not outwardly express them on a constant basis. Objectively, upon hearing such statements, a reasonable person could feel that he is unwelcome at work because of his race. Subjectively, Mr. Oluokun testified about the tension in the office and the emotional distress it caused. Therefore, there is enough evidence to present the issue to the jury.

The judge may issue an instruction to the jury regarding these factors, but to deny the jury the opportunity to decide this issue based on the evidence presented could be an issue to be raised on appeal.

***WHEREFORE,*** the Plaintiff respectfully requests that this Honorable Court deny the Defendant's Motion for Judgment as a Matter of Law and allow the jury to deliberate on the issue of Hostile Work Environment.

Respectfully submitted,
LEMMY OLUOKUN,
By His Attorneys,

David H. Stillman BBO# 555554
Jill E. Goodman BBO# 653938
STILLMAN & ASSOCIATES, P.C.
51 Mill Street, Suite 5
Hanover, MA 02339
(781) 829-1077

## CERTIFICATE OF SERVICE

I, David H. Stillman, attorney for Lemmy Oluokun, hereby certify that on this date, November 6, 2007, I caused a copy of said document to be sent to all counsel of record *in hand*.

David H. Stillman, Esq. #555554